In re TILDEN.

(District Court, S. D. Iowa, C. D.   January 28, 1899.)

No. 510.

1. BANKRUPTCY—TAXES ON EXEMPT PROPERTY—PAYMENT BY TRUSTEE.

Under Bankruptcy Act 1898, § 64, requiring the trustee to "pay all taxes legally due and owing by the bankrupt   *   *   *   in advance of the payment of dividends to creditors," it is the duty of the trustee to pay, out of the estate in his hands, taxes legally assessed and due on the homestead of the bankrupt, and constituting a lien thereon at the time of the adjudication, although such homestead has been set apart to the bankrupt as exempt under the act.

2. SAME—CONSTRUCTION OF STATUTE—EXEMPTION CLAUSE.

The provision of the bankruptcy act allowing to bankrupts the exemptions prescribed by the law of the state of their domicile is to be construed liberally to accomplish the purpose of the exemption.

In Bankruptcy.   On review from decision of referee.

F. S. Dunshee, for bankrupt.

N. E. Coffin, for creditors.

WOOLSON, District Judge.   Winfield Tilden was duly adjudged a bankrupt, and his voluntary petition, with accompanying schedules, etc., was referred to S. S. Ethridge, Esq., as referee in bankruptcy.

Among the property scheduled was the homestead of said Tilden, actually occupied by him as such, and claimed to be exempt property at time his petition was filed herein. At that date there were outstanding, on the proper tax books, as taxes against said homestead, the taxes now under consideration. The bankrupt having called upon the trustee to pay such taxes, the trustee applied to the referee for decision and authority in the matter. The trustee meanwhile had set off said homestead to said bankrupt, as exempt property, under the statutes of Iowa. The referee refused to order such taxes paid by said trustee; whereupon the matter has been brought to this court for review, and fully presented by counsel. The question to be decided is whether it is the duty of the trustee to pay, out of the estate in his hands, the taxes against the exempt homestead of the bankrupt, which were outstanding at time of adjudication of bankruptcy, and were then a lien on said exempt property. In the present case there are no peculiar or distinguishing features. The proposition at issue is broadly presented for decision.

Section 64, par. (a), of the bankruptcy act, is as follows:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt, to the United States, state, county, district or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof; and in case any question as to the amount or legality of any such tax, the same shall be heard and determined by the court."

It is conceded that the term "court," as used in this paragraph, includes the referee. Section 1, cl. 7, Bankrupt Act.

Among the rules adopted by this court for regulation of proceedings in bankruptcy in this district is the following, which follows the general provisions of the paragraph just quoted:

"Rule 4: (1) In all cases wherein there are assets coming under charge of the trustee, it shall be the duty of the trustee forthwith to ascertain from the proper sources, what taxes, if any, are claimed to be due and owing by the bankrupt to the United States, the state of Iowa, the county, town or city in which the bankrupt resides, or in which any part of the estate is situated for taxing purposes, and to make a written report thereof to the referee, specifying the taxes upon each piece of property, so far as the same are shown on the tax lists; and the referee shall in writing, pursuant to section 64 of the bankrupt act, order the payment by the trustee of all taxes found by the referee to be legally due and owing by the bankrupt according to said report. (2) But if any question arises touching the taxes, or any part thereof, claimed or reported to be due, the referee, after due notice by mail, shall hear and determine the question at issue and order payment accordingly."

Counsel have not been able to present to the court any decisions under former bankruptcy statutes which throw light on the question now under consideration. Apparently in this matter, as in many other portions of the recent statute, the construction must be largely, if not entirely, in a new field of decision. The contention of the bankrupt is that taxes duly standing on the proper tax books against the exempt homestead are, within the meaning of this section, "taxes legally due and owing by the bankrupt." The phraseology of the statute apparently favors this contention,—"all taxes legally due and owing," etc. There is no express exclusion of taxes against exempt property. The trustee is to pay "all taxes legally due and

owing by the bankrupt." The creditors, however, plead what they term the "injustice" of such a construction. The exempt property may have a large amount of taxes standing against it. The estate receives no benefit whatever from the exempt property. Where, as here, there is no question as to the property being exempt, the trustee, if he can in any wise be properly said to take such property, under the adjudication of bankruptcy, takes it only for the purpose of at once passing it out as exempt property. So that, if received by him affected by the lien for taxes, why should the trustee pass it back in a better condition than he received it? Wherein is his duty to lessen the general estate in his hands, by applying a part of same to the removal of said tax liens, and thus lessening the amount otherwise distributable to the general creditors? If a mechanic's lien, or other like lien, existed against said exempt property, the general assets of the estate would not ordinarily be thus lessened to effect the removal of such lien. And the creditors call attention to this case as plainly showing the unjust result, as they term it, of the opposite construction of the statute. The amount in the hands of the trustee, if applied to pay these taxes on this exempt homestead, will be substantially exhausted, leaving barely sufficient to pay expenses of administration of the estate; and there seems much force in the argument. On the other hand, the bankrupt calls attention to the letter of the law,—"all taxes legally due and owing by the bankrupt,"—without any qualifying terms. And he properly insists that the burden is on the creditors to show why the statute does not intend what its terms plainly state. He also insists that this paragraph is a manifest recognition by congress of the proposition that, whether any other creditor be paid or not, the government—national, state, or municipal—is to have its taxes out of the estate. Again, the bankrupt might have paid these taxes at any time before filing his petition in bankruptcy. If, while on his way to the clerk's office to file such petition, he had stopped at the taxpaying office, and there paid these taxes, and thereby reduced the general assets (actually turned into the estate) by the amount of those taxes, no one could have justly complained. He very effectively inquires why is the general creditor now injured by payment of these taxes out of the estate, if their payment, as above suggested, could not have been complained of by him?

A moment's consideration distinguishes the tax from the mechanic's lien, in the matter of this payment. The statute gives to taxes the right of precedent payment. It does not so deal with the debt secured by the mechanic's lien. Except as preserved by his lien, the holder of a mechanic's lien ordinarily ranks with the general creditor of the estate. Under tax statutes, as the same generally exist, the tax collector may, either by action in court or by his warrant of distress, pursue other property of the taxpayer. The tax collector is not generally restricted to the property against which the tax more specially stands. While it may be true that the homestead or other exempt property is not liable for taxes assessed upon or against other property, such other property owned by such taxpayer may be taken for taxes originally assessed against the homestead. In other words, the taxes against the homestead may be enforced against any other

property owned by the owner of the homestead. Thus, the taxes against the exempt homestead may be properly said to be "legally due and owing by the bankrupt," since it is enforceable against any property owned by him. Let us take another instance: A., as a merchant, had on the 1st day of January a stock of goods, and, applying the statute relating to taxation of merchandise, the assessor enters up against A. the proper assessment on account of said stock. In the progress of the matter, this assessment is placed on the tax books, and extended against it is the tax levy which has been duly ordered. Let us assume that, before the date when these taxes become payable, A. has disposed of his stock of merchandise. And A. has thereafter been adjudged a bankrupt. There comes into the hands of this trustee of A.'s estate no part of said stock of merchandise, and we may even assume he receives no assets representing same. But there stand on the tax books against A. the taxes levied against this stock. If A. had other property as a part of his general estate, such property would have been liable for such taxes. The tax collector, with his warrant of distress, could have levied on any of such other general property. The trustee in bankruptcy now holds this general estate. It seems to be conceded that in such a case the trustee must pay, out of the general estate, the taxes so outstanding against the bankrupt, and representing such stock of merchandise. Yet no part of such stock came into the hands of the trustee; and whatever is paid on these taxes must thereby lessen the dividend paying ability of the estate, possibly destroying entirely such ability. Nevertheless, no creditor can justly complain. The statute requires such payment. Yet the argument urged of injustice to creditors by payment out of the estate of taxes against the exempt homestead applies with far greater force to the illustration just given. And the inquiry becomes pertinent, why not pay the homestead taxes, if it be proper to pay these merchandise taxes?

Again, exemption laws are to be liberally construed to accomplish the purpose of the exemption. The homestead is exempt that the family may have its sheltering roof and protection, in the vicissitudes of financial distress. Why may not the same general propositions apply to the bankrupt statute? And, if liberality of construction became necessary in order to give to the homestead and those for whom the exemption was originally made the benefit of the statute under consideration, why is not such liberal construction proper, if only such construction can carry out the beneficent purposes of the exemption, and if the contrary construction would tend to defeat it? Since the bankruptcy statute has adopted the statutory exemptions, granted by the state, is violence committed to the spirit which caused such adoption if the bankruptcy statute itself is construed in that matter with the liberal construction which obtains in all the states as to such exemption statutes? And, in this view, we may ask for the reasons which, while compelling the homestead to be set off to the bankrupt as exempt property to himself and family, yet would permit it to be sold away from them at tax sale, although the estate of the bankrupt has funds wherewith the taxes might be paid, and the ex-

emption of the statute fully and effectively maintained. The conclusion reached is that the trustee pay, out of the funds of the estate, the taxes now outstanding and a lien against the homestead of the bankrupt. Ordered accordingly.