## In re MINERS' BREWING CO.

(District Court, E. D. Pennsylvania. January 2, 1908.)

### No. 2,301.

1. BANKRUPTCY—REFEREES—JURISDICTION—SALE OF REAL ESTATE.

    A referee in bankruptcy has authority, if the facts warrant it, to order a sale of the bankrupt's real estate discharged of liens, and to hear claims on the fund produced by the sale, and determine their validity, extent, and relative priority.

2. SAME—ORDER—CONCLUSIVENESS.

    Where a court of bankruptcy, after hearing, referred the case back to the referee, with directions to pass on all questions before him and to make distribution of the funds in the hands of the trustee, which were the proceeds of a sale of real estate of the bankrupt discharged of liens, such order constituted a conclusive determination of the referee's authority to order a sale of the real estate discharged of liens, so far as the district court was concerned.

3. SAME—CLAIMS—PRIORITY—DEFECTIVE LIENS.

    Where a mechanics' lien on real estate of a bankrupt sold freed from liens was defective on its face, claimant was not entitled to priority in the distribution of the fund derived from the sale.

4. SAME—CREDITORS—CHANGE OF POSITION—AMENDMENT.

    After bankruptcy proceedings had fixed the status of various creditors, a creditor claiming a mechanics' lien as a subcontractor should not be permitted to amend the record of his lien claim so as to change the same into a claim as a contractor on an agreement made directly with the bankrupt acting by one of its authorized agents.

In Bankruptcy. Certificates of referee.

Martin F. Duffy, for trustee.

George M. Roads, for First National Bank of Minersville, Pa., attachment creditor of Charles A. Gildemeyer, lien claimant.

Joseph H. Brinton, for Diehl Mfg. Co.

Charles E. Berger and Charles E. Breckons, for Charles Myers, mortgagee.

J. B. McPHERSON, District Judge. I shall add nothing to the voluminous record in this case, except what is necessary to announce as briefly as possible that I have considered the questions arising upon the two certificates of the learned referee—having been much assisted

by his clear and satisfactory reports—and that I am of opinion as follows:

(1) Under the facts reported by him, the referee had authority to order a sale of the bankrupt's real estate discharged of liens.

(2) Upon these facts, he had authority also to hear claims upon the fund produced by the sale, and to determine their validity, extent, and relative priority.

(3) In any event, the question concerning his authority thus to hear and determine is not now open for discussion in this court, having been decided by the following order made October 3, 1906:

"Upon hearing and consideration herein, it is ordered that this cause be referred back to the referee with directions to pass upon all questions before him, and to make a distribution of the funds in the hands of the trustee, being proceeds of the real estate of said bankrupt."

(4) The Gildemeyer mechanics' claim is not valid as a mechanics' lien, and confers no right to priority, either upon the claimant himself or upon the First National Bank of Minersville, his attaching creditor, or upon George Ball, his assignee.

(5) Even if the Gildemeyer claim is a valid mechanics' lien against other creditors, the claimant—and therefore his attaching creditor and his assignee—are estopped from asserting the priority of such lien against Charles Myers, mortgagee, and his assignee, the Union Safe Deposit Bank.

(6) The mechanics' claim of the Diehl Manufacturing Company is not valid as a mechanics' lien, being defective upon its face—as well as for other reasons—and therefore is not entitled to priority in the distribution of the fund.

In this connection it should be added that the Diehl Manufacturing Company presented a petition on November 6, 1907, after the argument of the questions certified by the referee, asking for leave to apply to the common pleas of Schuylkill county for permission to amend the record of the claim on file in that jurisdiction. This petition has been considered, but I think it should be refused. The petitioner desires to make, not a merely formal amendment of its claim, but so substantial a change as to alter its position materially. Instead of claiming to be entitled to a lien as a subcontractor, it desires to amend the record so as to claim as a contractor upon an agreement made directly with the bankrupt, acting by one of its authorized agents. This, I think, should not now be permitted. The bankruptcy proceedings have already fixed the status of the various creditors, and, while it may be true that even in such a situation merely formal amendments might with propriety be allowed, I do not think that the district court —assuming its power so to do—should permit a creditor to alter his position materially for the express purpose of obtaining an advantage over other creditors to which he would not otherwise be entitled. In the absence of exceptional circumstances, this certainly is, and should be, the general rule.

The petition of the Diehl Manufacturing Company, filed on November 6th is therefore refused. The clerk is also directed to enter an order affirming the action of the referee in hearing and passing upon

claims to the fund that was produced by the sale of the bankrupt's real estate, and in refusing priority to the Gildemeyer claim, and to the claim of the Diehl Manufacturing Company.

If these two claims are not entitled to priority, it is manifest that the Myers mortgage should be paid in full, and the trustee is therefore directed further to pay the sum due upon that mortgage, unless an appeal on behalf of the mechanics' lien claimants, or either of them, is seasonably taken from the foregoing order.