## In re STROBEL.

(Circuit Court of Appeals, Second Circuit. February 28, 1908. On Rehearing, March 9, 1908.)

### Nos. 170, 171.

1. BANKRUPTCY—RECEIVERS—ATTORNEY.

Where a debtor is declared a bankrupt at the instance of a creditor, and a receiver is appointed, the attorney for such petitioning creditor should not be employed as attorney for the receiver.

2. SAME—ORDERS—MODE OF REVIEW.

A receiver in bankruptcy having turned over to the petitioning creditor certain of the bankrupt's property on the creditor's claim that the bankrupt was a bailee thereof only, a special commissioner recommended that the receiver's action be not approved, which recommendation was affirmed by an order of the district court. Another order was thereafter made,

referring to the same commissioner the duty to ascertain the value of the property, and the sum the creditor should pay to the bankrupt's trustee, and, on the commissioner's finding being filed, an order was entered confirming his report and directing payment to the trustee or clerk of the court. *Held*, that none of such orders were appealable or reviewable otherwise than by a petition for review, as authorized by Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

**3. SAME—TIME.**

A petition to review such orders could not be sustained, unless taken within 10 days after the entry of the order, under Circuit Court of Appeals rule 38, providing that a petition for review shall be filed within 10 days after the entry of the order, unless by an order filed within such 10 days the District Court enlarges the time.

**4. SAME—OBJECTIONS—WAIVER.**

A stipulation that two petitions to review orders in bankruptcy, with certified copies transmitted by the clerk of the District Court should be printed in one appeal book, was not sufficient to constitute a waiver of any legal objection to the petitions.

Petitions for Revision of Proceedings of the District Court of the United States for the Eastern District of New York, in Bankruptcy. See 155 Fed. 692.

This cause comes here upon petitions to review two orders of the bankruptcy court. The facts are sufficiently set forth in the opinion.

Frank Trenholm (Garrard Glenn, of counsel), for petitioner.
B. F. Edsall, for respondents.
A. C. Aubrey, for bankrupt.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. On July 17, 1905, the present petitioner for review, Bachrach, filed a petition praying that Strobel, whose business was the making of gold watch cases, be adjudged a bankrupt. He claimed to be a creditor for goods, wares, and merchandise sold between August 26, 1904, and August 15, 1905. In due course Strobel was adjudged a bankrupt and trustee was appointed; Bachrach on the trial testifying that Strobel was indebted to him for gold sold and delivered. After petition was filed a receiver was appointed, who took possession of the bankrupt's property. Said receiver appointed as his attorneys the firm of lawyers who had represented Bachrach as petitioning creditor. The latter is represented on the hearing in this court by a lawyer in no way connected with that firm. It would have been well had Congress in the bankrupt act expressly prohibited receivers from selecting as attorneys or counsel lawyers who had appeared for either the bankrupt or the petitioning creditor. Such selection affords a ready opportunity for chicanery, fraud, and perjury; and it would seem desirable for bankruptcy courts generally to adopt the wholesome rule in force in the Southern district of New York forbidding such selection, and to enforce such rule rigidly.

Having secured the appointment of his own lawyer as the legal adviser of the receiver, Bachrach changed his position, claiming that Strobel was a bailee of the gold, which he had let him have solely to be made into watch cases and returned to himself (Bachrach). Thereupon the receiver under the advice of the lawyer who represented both sides—receiver and petitioning creditor—allowed the latter to take into his possession all the watch cases, some completed, some in course of manufacture, all material for the making of such cases, all sweepings and cleanings, gold nuggets, gold from water tanks, and even the tar paper floor covering, in which was gold filings; in fact everything but the machinery, tools and safe. After appointment of the trustee the receiver filed his account, and objections were made to his delivery of the property to Bachrach, whereupon, on the latter's petition, it was referred to a special commissioner to examine and report thereon. He recommended that the action of the receiver in that respect be not approved, and his report was confirmed by an order of the District Court August 2, 1906. On November 19, 1906, an order was made referring it to the same special commissioner to ascertain the value of said property and what sum Bachrach should be required to pay to the trustee. The special commissioner found the value of said property to be $3,015.76, and on August 12, 1907, the District Court confirmed his report and entered an order directing Bachrach to pay said sum, with interest and costs, to the trustee or to the clerk of the court.

None of these three orders was appealable, or could be reviewed otherwise than by petition to review, under Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432). The bankrupt act does not limit the time within which such petition to review shall be filed and served; but this court by rule 38 has, in analogy to the provisions of the act touching appeal, fixed such time as "within 10 days after the entry of the order sought to be reviewed," with the proviso that by order filed within such 10 days the District Court may enlarge the time for filing petition for review. In the case of these three orders, entered, respectively, August 2, 1906, November 19, 1906, and August 12, 1907, we find in the record no such order enlarging time; and, since the petition to review these three orders was not filed until September 28, 1907, more than 10 days after the entry of the last of them, they cannot now be reviewed. On May 27, 1907, Bachrach applied to the District Court, on petition, for an order vacating the several reports of the special commissioner and also the orders of August 2, 1906, and November 19, 1906. That application was denied by an order entered August 12, 1907, and a petition to review this last-mentioned order was filed and is now presented. But such petition was not filed till September 28, 1907, and no order enlarging time to file is found in the record.

Petitioner contends that his adversary cannot take advantage of these technical defects, because of some stipulation entered into in this court. But upon examination it appears that the stipulation is only that the two petitions to review, with the certified copies transmitted by the clerk of the District Court, "be printed in one appeal book." That is

not sufficient to constitute a waiver of any legal objection to such petitions, and they are therefore dismissed.

## On Rehearing.

Attention has been called to the stipulation extending time to file petition for review. A reargument, however, should not be ordered, since, upon the merits, we were satisfied that the order of the District Court should be affirmed.