## In re FINKELSTEIN.

(District Court, E. D. Pennsylvania. February 11, 1925.)

No. 7221.

Bankruptcy ⟨key⟩228—District Court will not review order of referee on referee's certificate, in absence of petition by party desiring review.

District Court will not review order of referee, on referee's certificate of review, in absence of petition for review by party desiring review, under General Order XXVII, such General Order being mandatory.

In Bankruptcy. In the matter of Max Finkelstein, individually and trading as the Quaker Shoe Company, bankrupt. On certificate of review of order of referee. Dismissed.

Reber, Granger & Montgomery and J. Howard Reber, all of Philadelphia, Pa., for trustee.

Furth, Singer & Bortin and David Bortin, all of Philadelphia, Pa., for bankrupt.

THOMPSON, District Judge. The order of the referee certified for review was brought before the court upon a certificate of the referee. It appears by the record certified that the bankrupt did not file with the referee a petition for review in accordance with General Order XXVII. As the General Order is mandatory in requiring a petition of the party desiring a review, this court, in the absence of such a petition, has no authority to review the action of the referee. In re Russell (D. C.) 105 F. 501; In re Home Discount Co. (D. C.) 147 F. 538, 17 Am. Bankr. Rep. 168.

The application for review of the order of the referee will therefore be dismissed.