## In re MT. JESSUP COAL CO., Limited.

### No. 5006.

District Court, M. D. Pennsylvania.

July 21, 1934.

John Memolo, of Scranton, Pa., for Simoncelli.

Leo G. Knoll, Asst. U. S. Atty., of Scranton, Pa., for the United States.

William A. Schnader, Atty. Gen., and Phillip S. Moyer, Deputy Atty. Gen., for the Commonwealth of Pennsylvania.

JOHNSON, District Judge.

This proceeding comes before this court on exception of Joseph Simoncelli, tax collector of the borough of Winton, Lackawanna county, Pa., to the report of P. E. Kilcullen, referee in bankruptcy, designated as special master, filed in the clerk's office February 7, 1934, disallowing the claim of the tax collector for borough, school, poor, and county taxes, for the years 1923, 1924, and 1925, amounting to $12,747.14, in a second opinion and order after allowing these taxes in a former opinion and order.

The Mt. Jessup Coal Company was adjudicated a bankrupt June 2, 1925, and the case referred to P. E. Kilcullen, referee in bankruptcy. On April 4, 1928, Joseph Simoncelli, tax collector, filed his petition to the court for an order directing the trustee in bankruptcy to pay the said borough, school, poor, and county taxes to him, on which a rule was granted on the trustee returnable April 16, 1928, before P. E. Kilcullen, referee, to which on April 5, 1928, the trustee filed his answer before the referee praying that distribution be not made until the United States and the commonwealth of Pennsylvania be heard on their claims for taxes against the bankrupt estate. On June 19, 1931, the court referred the petition of Simoncelli, tax collector, the answer of the trustee, and the answer of the United States, to P. E. Kilcullen, referee, as special master.

The fund from which these taxes must be paid was realized from the sale of the real estate or property of the bankrupt by the trustee under an agreement that the property should be sold divested of all liens and that the liens on the same should attach to the fund realized from the sale.

On June 17, 1931, the referee made his order and report granting the prayer of the tax collector, deciding that the taxes claimed by the tax collector were first liens and had priority over the claims of the United States and the commonwealth of Pennsylvania for

taxes, and directing the trustee to pay to the tax collector the taxes claimed in his petition. On June 29, 1933, exceptions were filed by the United States to the report and distribution of Referee Kilcullen, and on the same date a petition of the commonwealth of Pennsylvania was filed before Referee Kilcullen averring that his report was erroneous in not giving the claim of the commonwealth of Pennsylvania priority over the claim of the borough tax collector and praying that the report or order of the referee be reviewed as provided by the Bankruptcy Act and General Orders applicable thereto.

On February 15, 1932, a petition of the United States was presented to the court praying that the proceedings be remanded to Referee Kilcullen to receive additional evidence, to correct his order of priority of the claimants, averring that the referee, as special master, disregarded the liens for taxes of the United States and the commonwealth of Pennsylvania. This petition, after hearing and over objection, was remanded to Kilcullen, referee, as special master, to take testimony and render a decision covering the claims of the tax collector, the United States, and the commonwealth of Pennsylvania. Whereupon the referee, on February 17, 1934, filed his second report or opinion granting priority to the liens of the United States and the commonwealth of Pennsylvania, to which order or decision an exception was filed by Simoncelli, borough tax collector, praying that this report or decision be set aside, on which this case comes before this court.

It should be noted here that the whole record shows a number of discrepancies in dates and an evident failure properly to date some of the papers.

It will be noted from the recital of the material steps in this proceeding that no certificate of review was filed either with the clerk of the court or with the court in this case, to review this opinion and order of Kilcullen, herein called the first opinion and order.

The record now before the court presents for determination by the court two questions, first, the regularity or legality of the petition of the United States dated February 15, 1932, to remand the proceedings to P. E. Kilcullen, referee, and the order thereon remanding the proceedings to Kilcullen, referee as special master, or, in other words, the regularity of the proceedings of the United States and the commonwealth of Pennsylvania to review the opinion of P. E. Kilcullen, referee as special master, filed June 29, 1931, in which he decided that the tax liens claimed by the borough tax collector have priority over the taxes of the United States and the commonwealth of Pennsylvania; and, secondly, on the merits, if the case is properly before the court, whether the liens for taxes herein claimed by the tax collector of the borough of Winton have priority of payment or the liens for taxes of the United States and the commonwealth of Pennsylvania have priority.

As to the first question, the regularity and legality of the proceedings to review the first opinion and order of the referee, whether or not it is reviewable by this court when the petition was presented to remand the proceedings to the referee as special master: Objection was made by the attorney for the tax collector of the borough of Winton at the hearing of the petition to remand, when the court remarked that the legality of the order to remand would be considered, if necessary, at the final determination of the case.

General Order 27 (11 USCA § 53) provides as follows: "When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

This order was not followed or complied with in this case. Exceptions to the referee's first order or opinion were filed by the United States. A petition for review of the referee's order was filed before the referee by the commonwealth of Pennsylvania. No certificate of review in pursuance thereof was filed by the referee at any time either before the clerk of the court or before this court. This rule is mandatory and must be complied with, and without the certificate of review the court was without power, and is now without power, to review the first opinion and order of the referee in bankruptcy sitting as special master, filed June 29, 1931, granting a priority of payment of the tax liens of the tax collector of the borough of Winton, and the petition of the United States to remand the proceedings to the referee as special master, and the order made thereon and the hearing and the second opinion and order of the referee in pursuance thereof were all irregular and illegal and without effect.

"This general order imperatively requires the referee to certify the question to the judge, not the next month, nor the year following, but forthwith, in order that there may be an early determination of the questions at issue. It is no answer to the requirements of the order to assert that the duty of certifying the question rests with the referee, and that his failure to perform a plain duty should not be visited upon an innocent party. That duty, it is true, devolves upon the referee, and he should discharge it with promptness. But his failure to obey the directions of the order will not excuse laches on the part of one who seeks to review the judicial action of the referee, and who, by applying to the judge, could easily obtain an order to speed the cause." In re Koenig & Van Hoogenhuyze (D. C.) 127 F. 891, 892.

If counsel wish District Court to review determination of referee in bankruptcy, record to be examined should be made up and submitted, under the Bankruptcy Act (11 US CA), and the General Orders in Bankruptcy, and until this is done the court cannot review the proceedings before the referee. In re Petersen (D. C.) 252 F. 846.

In re Wilkes-Barre Yellow Cab Co., Inc., (D. C.) 53 F.(2d) 1024, 1025, Watson, District Judge of this district, in his opinion discussing the referee's certificate of review, said: "The order of the referee is before this court for review on the certificate of the referee. The record certified by the referee contains no petition for review filed with the referee in accordance with General Order 27 (11 USCA § 53). The General Order is mandatory in requiring a petition of the party desiring a review. In the absence of such a petition, this court has no authority to review an order made by the referee. In re Finkelstein, 3 F.(2d) 1006 (D. C. E. D. Pa.). The District Court should look solely to the referee's certified return in disposition of the application for review. In re Pearlman (C. C. A.) 16 F.(2d) 20."

In Re Gouse, Trading as Pennsylvania Garage (D. C.) 7 F.Supp. 106, in the Middle District of Pennsylvania, it was held that exceptions filed cannot be considered as a petition for review, that the referee has no power to reconsider claims which have been disallowed, and that General Order 27 is mandatory and must be followed, and that the proceedings subsequent to the order of the referee in such cases are without effect.

" * * * There can be no doubt from the authorities, and from the General Order of the Supreme Court, that a referee is without authority to re-examine or reallow a claim which has been disallowed. It can make no difference whether the review is sought before the referee by a motion for rehearing, a petition for that purpose, or by exceptions. The proceeding for a review of an order of the referee is by a petition for review to the District Judge, and the authority of a referee cannot be enlarged by the filing of a motion for rehearing. * * * I have no hesitancy in concluding, from a consideration of the authorities, that a referee is without authority to re-examine or reallow a claim which has been disallowed. It is equally well established that the procedure for obtaining a review of an order of a referee disallowing a claim is limited to the filing of a petition for review to the district judge, and that the petition must be filed within the time fixed by rule, or if no rule has been adopted, within a reasonable time. Failure to file a petition for review within the period fixed by rule is fatal to the procedure, the reason therefor being in the interest of a speedy administration of the affairs of bankrupt estates." In re Tomlinson & Dye, Inc., (D. C.) 3 F. Supp. 800, 803.

From the plain language of General Order 27 and from the decisions thereunder, it must be held that, in the absence of a certificate of review of the opinion and order of Referee Kilcullen, sitting as special master, who was handling this matter as referee in bankruptcy, and so treated by the parties in the exceptions filed and petition for a certificate of review, the exceptions filed by the United States, the petition for review filed by the commonwealth of Pennsylvania, and the petition to remand to the referee filed by the United States, did not fulfill and were not in compliance with General Order 27 of the Supreme Court, and this court was without power to remand the case, and Referee Kilcullen was without authority to rehear the case and to reverse his former decision and order and to allow the claims of the United States and the commonwealth of Pennsylvania, which he had disallowed previously in a formal and final opinion and order. All the proceedings subsequent to the first opinion and order allowing the claims of the tax collector of the borough of Winton must be dismissed, and the said first opinion and order of the referee, dated June 29, 1931, allowing a priority to the taxes of the borough of Winton, school taxes, poor taxes, and county taxes, must be sustained.

The first decision and order of the referee were strictly in the line of his official duty

as referee. In re Tilden (D. C.) 91 F. 500; In re Miners' Brewing Co. (D. C.) 162 F. 327; In re Langford, Felts & Myers (D. C.) 225 F. 311. But if Kilcullen, referee, be considered as special master, the same procedure as to the certificate of review under General Order 27 is required. In re Strobel (C. C. A.) 160 F. 916.

While it is not necessary to decide the second question, whether the taxes claimed by the tax collector of the borough of Winton have priority of payment or whether the taxes of the United States and the commonwealth of Pennsylvania have the priority, the court will consider and decide this second question without reference to the first question.

The borough tax collector bases his claim to priority on the Act of Assembly of Pennsylvania of May 16, 1923, §§ 2, 3, P. L. 207 (53 PS Pa. §§ 2022, 2023), which provides:

"Section 2. All taxes which may hereafter be lawfully imposed or assessed on any property in this Commonwealth, and all taxes heretofore lawfully imposed or assessed by any municipality on any property in this Commonwealth for the years one thousand nine hundred and twenty-one, one thousand nine hundred and twenty-two, and one thousand nine hundred and twenty-three, in the manner and to the extent hereinafter set forth, shall be and they are hereby declared to be a first lien on said property, together with all charges, expenses, and fees added thereto for failure to pay promptly; and such liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien, or estate with which the said property may become charged or for which it may become liable, save and except only the costs of the sale and of the writ upon which it is made.

"Section 3. All municipal claims which may hereafter be lawfully imposed or assessed on any property in this Commonwealth, and all such claims heretofore lawfully imposed or assessed within six months before the passage of this act and not yet liened, in the manner and to the extent hereinafter set forth, shall be and they are hereby declared to be a lien on said property, together with all charges, expenses, and fees added thereto for failure to pay promptly; and said liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien, or estate with which the said property may become charged, or for which it may

become liable, save and except only the costs of the sale and of the writ upon which it is made, and the taxes imposed or assessed upon said property."

All acts inconsistent with this act are specifically repealed. This act makes the municipal tax liens prior liens to be fully paid and satisfied out of the proceeds of any judicial sale of the property before any other applications or claims against the property.

The borough tax collector bases his claims of priority on the Act of May 16, 1923, P. L. 207 (53 PS Pa. § 2021 et seq.), which clearly and specifically gives municipalities a first lien over and above all other claims. The commonwealth of Pennsylvania bases its claim upon the Act of June 15, 1911, § 1, P. L. 955 (72 PS Pa. § 3342), which gives the commonwealth of Pennsylvania first lien for commonwealth taxes, and the United States bases its claim on the act of Congress which makes income taxes liens, but the act of 1923 specifically and clearly makes the municipal taxes a first lien, having priority over all other liens and claims whatsoever excepting the costs of sale of the property on which the liens attach. This later act of 1923 either repeals the earlier act of 1911 or in so far as it is in conflict with it temporarily suspends that part or provision of the act of 1911, which is in conflict with the act of 1923. Both acts provide for first liens, but when the liens of the taxes secured under both acts are in conflict, the liens of the earlier act must give way to the liens of the later act, especially in view of the clear language of the later act. As to the claim of the United States, it will be noted that the law makes the income tax a lien, not a first lien, and that the act of 1923 makes the lien for municipal taxes first liens, to be paid ahead of all other claims and liens.

On the merits of the case, the claims of the tax collector of the borough of Winton must prevail and his taxes paid before the taxes of the commonwealth of Pennsylvania and the United States, in accordance with the first order and opinion of Referee Kilcullen.

The decision of Judge Dom, in Westmoreland County, to Use, v. Westmoreland Brewing Company et al., 8 Pa. Dist. & Co. R. 378, which appears to be in conflict with the opinion of this court in this case on the second question or proposition, has been carefully studied, but this court is unable to follow the reasoning and conclusion of that decision.

And now, July 21, 1934, the petition to remand the case to Kilcullen, referee, as special master, is dismissed and the order of the court thereon is discharged, and the second opinion and order of Referee Kilcullen, dated February 7, 1934, is reversed, and the first opinion and order of Referee Kilcullen, referee, sitting as special master, dated June 29, 1931, is affirmed, and the trustee is directed to pay the taxes of the respective claimants in accordance with the order and plan of distribution of Referee Kilcullen in his first opinion and order dated June 29, 1931, first paying the said borough, school, poor, and county taxes due Joseph Simoncelli, tax collector.