**CALIFORNIA STATE DEPARTMENT OF EMPLOYMENT**

**v.**

**UNITED STATES et al.**

**No. 13663.**

United States Court of Appeals
Ninth Circuit.

Jan. 25, 1954.

Edmund G. Brown, Atty. Gen., State of Cal., James E. Sabine, Asst. Atty. Gen., Edward Sumner, Deputy Atty. Gen., for appellant.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Asst. Atty. Gen., Chief, Appellate Section, Carlton Fox, Fred Youngman, Sp. Assts. to Atty. Gen., Laughlin E. Waters, U. S. Atty., E. H. Mitchell, Edward R. McHale, Craig, Weller & Laugharn, Los Angeles, Cal., for appellees.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

This appeal presents for determination the rather novel issue as to whether tax liens of the United States, hereafter the Government, perfected prior to and superior to state tax liens are subordinated by § 67, sub. c of the Bankruptcy Act to the state tax liens because the state acquired possession of the bankrupt's personal property prior to bankruptcy. The specific question posed is, does § 67, sub. c of the Bankruptcy Act alter the priorities of statutory liens recognized by § 67, sub. b of said Act.

The facts are not disputed. Prior to June 12, 1950, the Commissioner of Internal Revenue perfected statutory liens upon the real and personal property of Claude E. Gee for the nonpayment of federal insurance contributions and withholding taxes. The California Department of Employment, hereafter the State, pursuant to the California Unemployment Insurance Act filed tax liens upon Gee's property, and on June 12, 1950, took actual possession of Gee's personal property. On July 19, 1950, Gee filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. The receiver in bankruptcy entered into a stipulation with the State whereby the assets in the State's possession were turned over to the receiver subject to whatever rights the State might have in the property by virtue of its possession. The bankrupt's estate, on liquidation, amounted to $2,100.00, which sum was insufficient to pay the state and federal tax claims and expenses of administration.[1]

On February 27, 1951, an order to show cause was issued to the State and the Government to appear before the referee for determination of their respective rights in the proceeds of the bankrupt's estate. The referee found that the Government tax liens were entitled to priority of payment over the State tax liens. The District Court affirmed the order of the referee.

Section 67, sub. b of the Bankruptcy Act expressly provides that liens for taxes owed to the United States or any state are valid against the trustee. 11 U.S.C.A. § 107, sub. b. Section 67, sub. b places federal and state liens in the same category. The rank and position of such liens is determined by applicable lien law. In re Pennsylvania Central Brewing Co., 3 Cir., 1940, 114 F.2d 1010, certiorari denied 312 U.S. 685, 61 S.Ct. 612, 85 L.Ed. 1123; In re Mt. Jessup Coal Co., D.C.Pa.1934, 7 F.Supp. 603; Collier on Bankruptcy, 14th Ed. Vol. 4, Par. 67.24. It is clear that the Government tax liens, having been perfected first, take precedence over the state tax liens. 26 U.S.C.A. §§ 3670, 3671, 3672; Michigan v. United States, 1943, 317 U.S. 338, 339, 63 S.Ct. 302, 87 L.Ed. 312.

The State, while conceding that prior to bankruptcy its tax liens were subordinate to the government liens, argues that after bankruptcy its liens became superior to the Government liens by virtue of its possession of the bankrupt's personal property. The State's argument is that § 67, sub. c gives its liens which are accompanied by possession priority over administrative expenses, and since by § 67, sub. c the Government liens, unaccompanied by possession, are subordi-

---

1. No challenge is made to the validity or the amount of any of the liens.

nate to administrative expenses, they are therefore subordinate to the state liens.

The Government acknowledges that its lien position is subordinate to expenses of administration by reason of § 67, sub. c, but contends that the priority of its tax liens as against the state liens is unaffected by § 67, sub. c. This contention is bottomed on the theory that § 67, sub. c merely postpones payment of statutory liens to the payment of the debts specified in clauses (1) and (2) of § 64, sub. a but does not alter the order of priority as between lienholders placed in the same category by § 67, sub. b.[2]

■ From a consideration of both the language used in the Act and the legislative history we are persuaded that § 67, sub. c does not affect or impair the priorities of liens recognized by § 67, sub. b. The relevant part of § 67, sub. c provides that "* * * statutory liens, including liens for taxes or debts owing to the United States or to any State * * * on personal property not accompanied by possession of such property * * * shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision a of section 64 of this title * * *." 11 U.S.C.A. § 107, sub. c. The section deals only with the relationship of the lienholder without possession to *unsecured* creditors having priorities under § 64, sub. a. It does not attempt to deal with priorities as between *secured* creditors under § 67, sub. b. Reconstruction Finance Corp. v. Sun Lumber Co., 4 Cir., 1942, 126 F.2d 731. As pointed out by Collier on Bankruptcy, 14th Ed., Vol. 4, p. 242, "§ 67 [sub.] c does not, nor does any other provision of the Bankruptcy Act for that matter, set up any scheme of priorities among liens." Thus we see that statutory liens unaccompanied by possession of the personal property to which they attach are postponed in payment only to the two claims specifically mentioned, viz. wages and expenses of administration. The state tax liens are not within either of these two classes.

■ From the legislative history it appears that the sole concern of Congress in enacting § 67, sub. c was to insure payment of administrative expenses and small wage claims. Goggin v. Division of Labor Law Enforcement of California, 1928, 336 U.S. 118, 127, 69 S.Ct. 469, 93 L.Ed. 543 citing Committee Report Analysis of H.R. 12889, 74th Congress, 2d Sess. (1936) and Weinstein, The Bankruptcy Law of 1938 (1938). Prior to the Act of 1938 all liens valid in bankruptcy had precedence over unsecured creditors having only priority claims under § 64, sub. a. Liens in favor of contractors, materialmen, and particularly accumulated tax liens, frequently consumed the bankrupt's estate to the exclusion of the costs and expenses of administration incurred in the proceeding. To insure payment of administrative expenses and wage claims Congress decided to subordinate statutory liens to a limited extent, that is, to unsecured claims having a first and second priority under § 64, sub. a. Collier on Bankruptcy, 14th Ed., Vol. 4, par. 67.20. We find no suggestion that Congress intended by § 67 sub. c to permit a subordinate lienholder who secures possession of personal property prior to bankruptcy to thus place himself in a superior position to an otherwise prior and superior lienholder. See, Reconstruction Finance Corp. v. Sun Lumber Co., 4 Cir., 1942, 126 F.2d 731.

In determining the distribution of the proceeds in the hands of the trustee, the lien priorities under § 67, sub. b should be resorted to before considering § 67, sub. c. Since under § 67, sub. b the Government liens are superior to the state liens, a sum equal to the government claim should be set aside from the proceeds and the remainder, if any, should be applied to the state tax liens. In the instant case the State takes nothing since it appears from the record that the claim

---

2. Section 64, sub. a establishes what unsecured debts are entitled to priorities. Clause (1) of § 64, sub. a deals with ex- penses of administration and clause (2) deals with wage claims.

of the Government exceeds the proceeds realized from the sale of the bankrupt's estate. The Government liens unaccompanied by possession of the bankrupt's personal property are subordinated by § 67, sub. c to the expenses of administration. Hence, administrative expenses must be satisfied out of the sum set aside for the Government claim.

Judgment affirmed.