UNITED STATES of America, Plaintiff,

v.

CITY OF LOS ANGELES, California, Defendant and Counterclaimant,

v.

STATE OF CALIFORNIA, FRANCHISE TAX BOARD, Defendant to Counterclaim.

Civ. No. 70–2860.

United States District Court, C. D. California.

Jan. 18, 1972.

Robert L. Meyer, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Division, and Lawrence V. Brookes, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Roger Arneberg, City Atty., John A. Daly, Asst. City Atty., and Ronald Tuller, Deputy City Atty., Los Angeles, Cal., for defendant and counterclaimant.

Evelle J. Younger, Atty. Gen., State of Cal., Philip C. Griffin and Mark W. Jordan, Deputy Attys. Gen., for defendant to counterclaim.

## DECISION, FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT FOR PLAINTIFF

HAUK, District Judge.

This is an action for enforcement of Internal Revenue levy and for collection of Internal Revenue taxes for failure to honor levy. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1340 and 1345 and 26 U.S.C. Section 7402. The specific question posed is whether a tax lien of the United States, hereafter the Government, perfected prior to and superior to a State tax lien is subordinated by the State lien under the State's theory that their lien is that of a judgment creditor which under Federal law, takes priority over a Government lien which has not been filed.

The facts are not in dispute. On March 4, 1970, the Los Angeles Police Department arrested Ronald Holman and pursuant to a valid search warrant seized from him $13,320.03 in United States currency. At the time of his arrest, Ronald Holman had in his possession ten pounds of hashish and marihuana. On March 5, 1970, before 3:30 p.m., the United States Internal Revenue Service made a jeopardy assessment for excise tax (marihuana) in the amount of $16,000.00 and on the same day left a notice and demand at his last known address. On March 5, 1970, the California Franchise Tax Board issued a jeopardy assessment for personal income taxes in the amount of $14,500.00 and on the same day, sent a notice of assessment to the last known address of Ronald Holman.

On March 5, 1970, at 3:30 p.m., the California Franchise Tax Board served the Los Angeles Police Department with an Order to Withhold Tax in the amount of $14,500.00 based on its jeopardy assessment, and at 5:18 p.m., the United States Internal Revenue Service served them with a Notice of Levy in the

amount of $16,000.00 based on its jeopardy assessment.

On March 6, 1970, at 8:20 a.m., the Internal Revenue Service filed its Notice of Federal Tax Lien with the Los Angeles County Recorder and on March 25, 1970, final demand for payment of levy was served upon the Los Angeles Police Department. Subsequently, the Government filed this action against the City of Los Angeles alleging that the City had refused to honor the levy and was continuing to refuse to surrender to the Government the currency which they had seized at the time of Holman's arrest. The City counterclaimed against the State of California, Franchise Tax Board, and requested the Court to order the Government and the State of California, Franchise Tax Board to interplead their respective claims.

On April 23, 1971, the Court entered an Order making the State of California, Franchise Tax Board, a Defendant to the Counterclaim; requiring it and the Plaintiff to interplead their respective claims; directing the City to pay into Court the sum of money it had seized from Holman; and discharging the City from all further liability with respect thereto.

The parties stipulated to all facts material to this action, filed briefs on the relevant issues and thereupon submitted the case on the briefs. As is readily apparent, the basic question to be decided here is whether the fund deposited in the registry of the Court by the City of Los Angeles should be paid to the Government pursuant to the lien created by the Federal jeopardy assessment [1] or to the State of California, Franchise Tax Board, pursuant to the lien created by the State Order to Withhold Tax.[2]

■■ When a Federal tax lien is at issue, problems of priority of liens must be determined under Federal law. United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950); United States v. Division of Labor Law Enforcement, 201 F.2d 857, 859 (9th Cir. 1953). Of course, in determining the priority of the liens involved, we must apply the "cardinal rule" which was originally laid down by Chief Justice Marshall in Rankin v. Scott, 12 Wheat. 177, 25 U.S. 177, 6 L. Ed. 592 (1827): "The principle is be-

---

1. § 6321. *Lien for taxes*

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Int.Rev.Code of 1954 § 6321

§ 6322. *Period of lien*

Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

Int.Rev.Code of 1954 § 6322

2. § 18807. *Withhold notice; service; duty of recipient*

The Franchise Tax Board may by notice, served personally or by registered mail, require any person, officer or department of the State, political subdivision or agency of the State, city organized under a freeholder's charter, or political body not a subdivision or agency of the State, having in their possession, or under their control, any credits or other personal property or other things of value, belonging to a taxpayer or to a person who has failed to withhold and transmit amounts due pursuant to Sections 18806 and 18808, to withhold, from such credits or other personal property or other things of value, the amount of any tax, interest or penalties due from the taxpayer or the amount of any liability incurred by such person for failure to withhold and transmit amounts due from a taxpayer under this part and to transmit the amount withheld to the Franchise Tax Board at such times as it may designate.

Cal.Rev. and Tax.Code § 18807 (West 1970)

lieved to be universal that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds. . . ." 12 Wheat. at 179, 25 U.S. at 179. Thus, the lien which is first in time is first in right. United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954); United States v. Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964). Since the parties have stipulated to the fact that the assessment which created the Federal lien was made prior to the service of the Order to Withhold Tax which created the State lien, it would seem that the issue is easily resolved, since the lien of the Government is unquestionably the "first in time."

However, while admitting that Internal Revenue Code of 1954, § 6322 gives the Government a lien on all the property of a taxpayer upon assessment, the State contends that under § 6323(a) of the Internal Revenue Code of 1954,[3] the validity of the Government's lien is suspended as against a judgment lien creditor until notice is duly filed by the Government. The State argues that since the Order to Withhold Tax confers upon the State the power to execute on the created lien without resort to any legal or equitable action in a court of law or equity,[4] the State has become a judgment creditor and is thus qualified to come within the preferential class of § 6323(a) of the Internal Revenue Code of 1954. Consequently, the State argues,

in order for the United States to defeat the State as a judgment creditor, the State must have notice, and notice can only be given by the Government filing its lien. Since notice of the Government's lien was not filed until the day after the California Franchise Tax Board levied upon the funds held by the City, the State contends that the lien of the Government was subsequent to the lien of the State and thus ineffectual.

In order to resolve the issue in the manner postulated by the State, we must first accept the premise that the State is a judgment lien creditor under § 6323(a) of the Internal Revenue Code of 1954. It is at this foundational point that the State's case falls short, for under Federal law, which we must follow, the mere Order to Withhold Tax does not raise the State to the level of a judgment creditor. This is especially true in light of the policy of the Federal Courts to "closely scrutinize State-created claims to find any possible imperfection which would permit seniority of the Federal lien." State of New Jersey v. Moriarity, 268 F.Supp. 546, 562 (D.N.J. 1967). In this case it is not even necessary to "closely scrutinize" the State claim for an imperfection since under many Federal court decisions the contention that the State's Order to Withhold Tax created in the State the rights of a judgment creditor is plainly without merit.[5]

3. § 6323. *Validity and priority against certain persons*
(a) Purchases, holders of security interests, mechanic's lienors, and judgment lien creditors.—The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate.
Int.Rev.Code of 1954 § 6323(a)

4. § 18809. *Withhold notice; compliance without recourse to court; nonliability to taxpayer*
Any person required to withhold and transmit any amount pursuant to this article shall comply with the requirement

without resort to any legal or equitable action in a court of law or equity. Any person paying to the Franchise Tax Board any amount required by it to be withheld is not liable therefor to the person from whom withheld unless the amount withheld is refunded to the withholding agent.
Cal.Rev. & Tax.Code § 18809 (West 1970)

5. United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955); United States v. Liverpool etc., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955); United States v. Scovil, 348 U.S. 218, 75 S.Ct. 244, 99 L.Ed. 271 (1955); United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954); United

In determining who is a judgment creditor under Federal law we can look to the definition contained in Treas. Reg. 301.6323–1(2) (b) (1967); 26 C. F.R. § 301. 6323–1(2) (b) (1971), which defines a judgment creditor as used in Section 6323(a) of the Internal Revenue Code of 1954:

"(b) The term 'judgment creditor' means a person who has obtained a valid judgment in a court of record and of competent jurisdiction for the recovery of specifically designated property or for a certain sum of money and, in the case of a judgment for the recovery of a certain sum of money, who has a perfected lien under such judgment on the property involved. The term 'judgment' does not include an inchoate lien, such as an attachment lien, unless and until such lien has ripened into a judgment. United States v. Security Trust and Savings Bank (1950) 340 U.S. 47 [71 S.Ct. 111, 95 L.Ed. 53]. Nor does the term 'judgment' include the determination of a quasi-judicial body or of an individual acting in a quasi-judicial capacity, such as, for example, the action of State taxing authorities. United States v. Gilbert Associates (1953) 345 U.S. 361 [73 S.Ct. 701, 97 L.Ed. 1071]; and United States v. City of New Britain (1954) 347 U.S. 81 [74 S.Ct. 367, 98 L.Ed. 520]."

Assuredly, of even greater influence in our decision is the case of United States v. Gilbert Associates, 345 U.S. 361, 364, 73 S.Ct. 701, 97 L.Ed. 1071 (1953) in which the Supreme Court laid down the guidelines which Federal Courts must follow in determining whether an entity is a judgment creditor under the Internal Revenue Code. An essential principle of Congress in its tax scheme being uniformity, Mr. Justice Minton finds accordingly that the term "judgment creditor" must be used in the "usual, conventional sense of a judgment of a court of record, since all states have

such courts." 345 U.S. at 364, 73 S.Ct. at 703. Thereupon the Justice specifically excludes from the ranks of judgment creditors, entities whose rights are created by actions of State taxing authorities where the end result if merely "something in the nature of a judgment." Thus, since there has been no judgment whatsoever by a court of record concerning the State's alleged lien, and since the procedure effectuated by the State taxing authority can only be classified as "something in the nature of a judgment", it would be most imprudent for this Court to elevate the State to the status of a judgment creditor. Fortifying the Court in its decision that the lien arising from the State's Order to Withhold Tax is not the lien of a "judgment creditor" is the decision of our esteemed Brother of the Central District of California, Hon. Pierson M. Hall, in the case of United States v. Zuetell, 138 F.Supp. 857 (S.D.Cal.1956). In that case, Judge Hall, citing the phraseology of Gilbert, *supra*, held that a California lien for State income taxes which arose by recordation was not the lien of a "judgment creditor" under the Internal Revenue Code, and was therefore not prior to a Federal tax lien. Surely here, where the State has not recorded its lien, much less gone through a court determination, it cannot conceivably be considered a judgment creditor.

To follow the route proposed by the State would make a complete nullity of the Federal priority in tax matters established by Congress. Each State could enact a procedure that would destroy this priority by providing for an immediate and non-judicial seizure of property which would instantly create in the State the rights of a judgment creditor, but which could be effected by the State after learning of the Federal lien and before the Federal authorities could file the necessary notice. If we were to construe the use of this summary type of procedure as creating a true judgment

States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071 (1953); United States v. England, 226 F.2d 205

(9th Cir. 1955); California State Department of Employment v. United States, 210 F.2d 242 (9th Cir. 1954).

creditor, we would have to read into the law a self-stultifying intent of Congress to set up a priority of Federal liens while at the same time permitting the States the opportunity of devising a simple and self-serving method of subordinating and subverting these liens. This we cannot and will not do.

■ The United States is also seeking interest on the fund against the City of Los Angeles from the original date of the levy until the date the levy is satisfied, upon the theory that the City's failure to pay over the fund upon notice of levy made it liable for interest pursuant to Internal Revenue Code of 1954, § 6332(c) (1) which provides that: "any person who fails or refuses to surrender any property . . . subject to levy, upon demand . . . shall be liable in his own person and estate to the United States in a sum equal to the value of the property . . . together with costs of interest on such sum . . . from the date of such levy." However, as simple and straightforward as this statute appears, we do not feel that it was intended to cover the situation at bar. It would be inequitable and unjust to exact interest in a situation such as this, where the City was merely an innocent stakeholder which properly came to the Court for assist-

ance by way of interpleader. The City could not turn over the funds to one taxing authority without becoming liable to the other. It was in the unenviable position of being caught between the rock and the whirlpool: if it had turned the money over to the State it would have been liable to the Government under the Internal Revenue Code of 1954, § 6332(c) [6]; and if it had turned the money over to the Government, it would have been liable to the State under Cal. Rev. and Tax. Code, § 18808 (West 1970).[7] It was for this reason that we originally directed the City to pay the fund into the registry of the Court and discharged it from any and all further liability while requiring the State and the United States to interplead their claims. And it is for this same reason that the Court now denies the claim of the Government for interest from the City.

Pursuant to the foregoing which shall constitute findings of fact and conclusions of law as required by F.R.Civ.P. 52, it is hereby ordered that:

1. Judgment be entered for the Plaintiff United States in the amount of $13,320.03, which sum was heretofore deposited in the registry of the Court and shall be paid forthwith to Plaintiff by the Clerk.

---

6. § 6332. *Surrender of property subject to levy*

(c) Enforcement of levy.—

(1) Extent of personal liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary or his delegate, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the rate of 6 percent per annum from the date of such levy. Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.—In addition to the personal liability imposed by para-

graph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.
Int.Rev.Code of 1954 § 6332(c)

7. § 18808. *Withhold notice; liability on failure to comply*
Any person failing to withhold the amount due from any taxpayer and to transmit the same to the Franchise Tax Board after service of a notice pursuant to Section 18807 is liable for such amounts.
Cal.Rev. and Tax Code § 18808 (West 1970).

2. The Defendant, City of Los Angeles, and the Defendant to the Counterclaim, California Franchise Tax Board, shall take nothing herein but shall be discharged from any and all further liability with respect to the claims and allegations set forth in the complaint and counterclaim herein.

3. The Plaintiff prepare and lodge with the Court a separate proposed Judgment in conformance with the foregoing decision.