**UNITED STATES of America,
Plaintiff,**

v.

**Gene GRUPPOSO, Property Clerk, New
York City Police Department,
Defendant.**

No. 72 Civ. 5150.

United States District Court,
S. D. New York.

June 8, 1973.

Whitney North Seymour, Jr., U. S. Dist. Atty. by Gerald A. Rosenberg, Asst. U. S. Atty., New York City, for plaintiff.

Norman Redlich, New York City, for defendant.

### MEMORANDUM DECISION

ROBERT L. CARTER, District Judge.

Defendant, Gene Grupposo, Property Clerk, New York City Police Department, moves for an order: (1) to make Arnold Comas, the New York State Tax Commission and the Finance Administrator of the City of New York party defendants to this action, and to allow them to interplead therein their respective claims; (2) to change the title of this action so as to add thereto the names of the interpleaded defendants; (3) to enjoin Arnold Comas from prosecuting or pursuing any further his action or proceeding now pending in the Supreme Court of the State of New York involving the currency and other property which is the subject of this litigation; (4) to enjoin the government, Arnold Comas, the New York State Tax Commission, and the Finance Administrator

of the City of New York from instituting any new action against defendant, Gene Grupposo, involving the subject matter of this litigation; and (5) to permit defendant, Gene Grupposo, to deliver to the Clerk of this Court the currency in the sum of $106,492.43 and other property involved in this litigation and, thereafter, for defendant, Gene Grupposo, to be discharged from all further liability in respect of this controversy.

■ ■ There seems to be no opposition to most of these requests. Indeed, judicial economy and effective final resolution of this controversy require that all parties having a colorable claim to the disputed property be before the Court in one lawsuit so that the matter may be fully and finally settled. 28 U.S.C. § 2283 empowers this Court to enjoin state court proceedings where necessary in aid of its jurisdiction. · Exercise of that statutory authority to bar further prosecution by Arnold Comas of state court proceedings currently pending and to bar the government and the interpleaded defendants from instituting any new litigation against defendant Grupposo in regard to the property involved is clearly appropriate under the circumstances existing in this case: Pan American Fire & Casualty Co. v. Revere, 188 F.Supp. 474, 484–485 (E.D.La.1960); Jefferson Standard Life Insurance Co. v. Smith, 161 F.Supp. 679 (E.D.S.C.1956).

■ The government objects to defendant Grupposo being discharged from all further liability once the currency and property in question has been deposited with the Clerk of this Court. I find that objection to be without merit. The government argues that pursuant to the terms of 26 U.S.C. § 6332(c)(1) * defendant is now personally liable for failure to honor the levy of the Internal Revenue Service. My reading of the

statute leads me to conclude that the defendant is in the position of an innocent stakeholder, at most, and can be held liable only to the extent of the value of the property which he failed to surrender to federal authorities. Since the property is to be taken into custody by the Clerk of this Court, defendant, Grupposo, cannot conceivably be under any further liability to the government. *Cf.* United States v. City of Los Angeles, 336 F.Supp. 1014 (C.D.Cal.1972).

Motion granted in all respects. Defendant, Grupposo, will be discharged from all further liability in this matter and the complaint against him will be dismissed once he has transferred the litigated property to the custody of this Court and the interpleaded parties have been made defendants to this action.

Settle order on notice to interpleaded parties as well as the government.

* Pertinent portions of 26 U.S.C. § 6332(c) (1) are set out below.

"Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary or his delegate, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights so surrendered, but not exceeding the amount of taxes for the collection of which such levy was made, together with costs and interest on such sum. . . ."