## UNITED STATES of America

v.

## Jerry Clayton COLLIER and Ronald L. Grimm.

### Civ. No. 3-79-2.

United States District Court,
E. D. Tennessee, N. D.

April 10, 1979.

John H. Cary, U. S. Atty., Knoxville, Tenn., Joe Vaulx Crockett, III, Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff.

Dudley W. Taylor, Ambrose, Wilson & Grimm, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

At the conclusion of the evidence in this case, the Court denied interest on the recovery. This denial was based on the idea that the Court had discretion in granting or not granting interest on a recovery. That is the Tennessee rule. *See generally, Farmers Chemical Ass'n, Inc. v. Maryland Casualty,* 421 F.2d 319 (6th Cir. 1970). Also, the Court was of the opinion that principles of equity would require a decision to not allow interest. This view was based on the decision of *United States v. City of Los Angeles,* 336 F.Supp. 1014 (C.D.Cal.1972). We have reread that decision and find that the City in that case was an innocent stakeholder which paid the assessed amount into the Registry of the Court. The trial court held that equity principles precluded the recovery of interest. Insofar as we can determine, the case was not appealed.

The Government has recently filed a motion to alter and amend the final order of this Court so as to allow the recovery of interest on the judgment rendered in favor of the United States. In support of its contention, the applicable statute has been cited and reads as follows:

> "Any person who fails or refuses to surrender any property or rights to prop-

---

erty, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered . . . together with costs and interest on such sum . . . from the date of such levy. . . ." 26 U.S.C. § 6332(c)(1).

In this case, demand was made by the Government on defendant Grimm on October 8, 1974 and he refused payment believing that his claim to the fund was superior to that of the Government. The Court was of the view that the claim of the Government was superior and so held by order dated March 20, 1979. Section 6332 indicates that the Court has no discretion in the matter since the wording of the statute mandates the allowance of interest. The Court, accordingly, but reluctantly, holds that the Government is entitled to the interest claimed.

The Court is of the view that although the Government is entitled to interest, it is disappointing to the Court that the Government would enforce that right under the circumstances of this case.

It is, accordingly, ORDERED that the motion of the Government be, and the same hereby is, granted.

Order Accordingly.