### In re HAWLEY.

(District Court, N. D. Iowa, W. D. June 12, 1902.)

1. BANKRUPTCY—HEARING BEFORE REFEREE—REVISION OF FINDING

The fact that a referee made a finding in writing as to the value of certain land, based upon evidence taken before him, but which had not then been transcribed, which finding, however, he did not incorporate in his record of the case, does not preclude him from revising such finding, and making a new one, fixing a different value, after he has reviewed the evidence as written out. The proper practice in such case, however, would be to give notice to counsel, so that they may be reheard on the question, if desired, before the change is made.

In Bankruptcy. On exceptions to ruling of referee with respect to the report of the trustee.

T. G. Henderson, for trustee.

L. M. Kean, E. A. Burgess, and E. P. Farr, for creditors.

SHIRAS, District Judge. From the record in this case it appears that the trustee, acting through a third party, became interested in the sale and purchase of certain real estate belonging to the bankrupt's estate; and upon the hearing before the referee it was held that the trustee must account to the estate for the difference between the actual value of the property and the sum which he reported was realized to the estate from such sale. When the evidence was taken before the referee, and before it had been transcribed by the stenographer, the referee made a finding in writing to the effect that the land in question was worth $45 per acre, and that the sum to be charged against the trustee by reason of this

transaction was $3,640. This finding was made in August, 1901; but it does not appear that the same was incorporated into the record of the case by the referee, although copies of it were furnished to counsel for the creditors. Subsequently the referee reviewed the evidence submitted to him, and reached the conclusion that, through the failure to give weight to the fact that improvements had been put upon the realty by the trustee and others, he had placed too high an estimate on the property in the condition it was in at the time the interest of the bankrupt passed to the trustee; and therefore he made a new finding, placing the value of the land at $40, instead of $45, per acre, and thus reducing the sum to be charged to the trustee by the amount of $1,400. This finding and the ruling of the referee are part of the record now before the court. The creditors object to such action on part of the referee; claiming that he had no right or authority to change his findings of fact or to reconsider the question without notice to the creditors.

The difficulty in the situation is that the record proper does not show that the referee ever made but one finding and ruling upon this question. As already said, the referee made a finding in writing. But this is shown, not by the record of the case made by the referee, but by other evidence; and I can see no good reason why the referee, before he completed his record, and after the evidence had been written out, might not review the same. Undoubtedly it would have been the better practice, had the referee given notice to the counsel, so that they might be reheard, before making the change in the valuation placed upon the land; but that fact does not sustain the position taken by counsel for creditors that the referee is bound by the first conclusion reached upon the question of the value of the land, and cannot modify the same to accord with his conclusion after a review of the evidence, when written out for his consideration. As I understand the record now submitted, the case has not been finally closed before the referee, and, if the creditors desire to move for a rehearing on the question of the value of the land before the referee, the door is not closed to them; but it is not open to this court to direct the entry of an order establishing the value of the land at $45 per acre, upon the theory that such was once the finding of the referee; it appearing that upon further investigation and consideration the referee had reached the conclusion that the proper valuation was $40 per acre.

Some suggestion has been made in the argument that this court should consider the evidence adduced on the value of the land, and make an independent finding on the question, but the record is not in condition to justify this course; nor has the court heard counsel on this matter. In view of the unsatisfactory condition of the record, and in order that the rights of the parties shall be fully protected, it will perhaps be the better course to direct the referee to grant a rehearing upon the question of the proper amount for which the trustee is to be held accountable by reason of the purchase of the land in question,—notice of the time and place of such hearing to be given to the counsel representing the trustee and the creditors; and, if the finding and judgment of the referee at such rehearing are

not satisfactory to any of the parties in interest, then proper exceptions must be filed, and a petition for review must be filed, as provided in rule 27 of the general orders in bankruptcy (89 Fed. xi).

Ordered accordingly.