## In re AVOCA SILK CO.

### (District Court, M. D. Pennsylvania.   May 5, 1917.)

### No. 3017.

BANKRUPTCY ⬅228—REVIEW OF ORDERS OF REFEREE—NECESSITY OF PETITION.
  Under Bankruptcy Act July 1, 1898, c. 541, § 39 (5), 30 Stat. 555 (Comp. St. 1916, § 9623), requiring referees to make up records embodying the evidence when requested, together with their findings, and transmit them to the judge, and General Order in Bankruptcy No. 27 (89 Fed. xi, 32 C. C. A. xxvii), providing that, when any person desires a review of an order of the referee, he shall file with the referee his petition therefor, and the referee shall forthwith certify the question presented, the summary of the evidence, and his finding and order, when no petition is filed for review, and the referee therefore makes no certificate of the evidence, etc. there can be no review.

  [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387.]

In Bankruptcy. In the matter of the Avoca Silk Company, bankrupt. On exceptions to referee's report of audit. Report confirmed.

T. Archer Morgan, of Scranton, Pa., and Jas. L. Morris, of Wilkes-Barre, Pa., for exceptants.

Charles B. Little, of Scranton, Pa., and John R. Reap, of Avoca, Pa., for trustee for purchasing bondholders.

WITMER, District Judge. Exceptions to the allowance by the referee of certain credits claimed by the trustee in his account were filed, and these exceptions, together with the account of the trustee as audited, have been brought here for consideration. Neither the findings or conclusions of the referee on which he bases his order, nor the summary of the evidence supporting the same have been supplied. Apparently the referee has not been requested to certify as intended where parties find themselves aggrieved by his decision. The necessary and required information for intelligent solution of the matter, resulting in the order of which complaint has been made want-

---

ing here, is sufficient proof of the wisdom of the method of practice adopted in bringing before the court matters within the jurisdiction of the referee requiring review by the judge of his orders.

General Order in Bankruptcy No. 27 (32 C. C. A. xxvii, 89 Fed. xi) provides that:

"When a bankrupt, creditor, trustee or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of, and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

This order is based upon the fifth paragraph of section 39 of the Bankruptcy Act of 1898, which, among other duties of the referee, requires that they shall make up records—

"embodying the evidence, or the substance thereof, as agreed upon by the parties in all contested matters arising before them, whenever requested to do so by either of the parties thereto, together with their findings therein, and transmit them to the judge."

The statute provides for a review by the judge of the orders or findings of the referee, and the order determines how this review may be obtained by the aggrieved party, and what the duties of the referee are pertaining to such. The former directs the referee to act upon request of interested parties, and the latter suggests that he shall act on petition filed, setting out the error complained of. The petition for review is here wanting, and this accounts for the want of a certificate from the referee. The required petition becomes the foundation of authority and cannot be dispensed with in proceedings to review. When filed, the referee is bound to certify; without it there is no authority to review. In re Rebecca Schiller (D. C.) 96 Fed. 400, 2 Am. Bankr. R. 704; Matter of Octave Mining Co. (D. C.) 212 Fed. 457, 32 Am. Bankr. R. 474; In re Clark Coal & Coke Co. (D. C.) 23 Am. Bankr. R. 273, 173 Fed. 658; In re Russell (D. C.) 5 Am. Bankr. R. 566, 105 Fed. 501; In re Hawley (D. C.) 8 Am. Bankr. R. 632, 116 Fed. 428; In re Carlile (D. C.) 199 Fed. 612, 29 Am. Bankr. R. 377; In re Gitkin (D. C.) 164 Fed. 71, 21 Am. Bankr. R. 111.

The report of audit of the trustee's account prepared by the referee, and as presented, is confirmed finally.