### In re SITNEK.

### No. 16237.

District Court, W. D. Pennsylvania.
Aug. 4, 1931.

J. Calvin Lang, Jr., of Hollidaysburg, Pa., referee in bankruptcy.

Scheeline & Smith, of Altoona, Pa., for bankrupt.

GIBSON, District Judge.

On February 24, 1931, the Union Bank of Altoona, Pa., by Joseph D. Findley, president, filed a voluntary petition in bankruptcy. The petition omitted much that was desirable in the way of information relative to the petitioner. The bankrupt was described only as "a private banking institution of the City of Altoona." As a matter of fact, the Union Bank was a partnership owned and operated on behalf of ninety-nine partners. The petition, though open to criticism in respect to its form, is no doubt sustainable. The petition purports to be filed on behalf of the Union Bank, by its president, and, in view of the time which has passed since its filing without objection on the part of any of the partners, it. is to be assumed that it was filed with the knowledge and consent of the partners. Under such an assumption, the petition does not come under the rule laid down in Meek v. Centre County Banking Company, 268 U. S. 426, 45 S. Ct. 560, 69 L. Ed. 1028, wherein it was held that a petition by a partner, not purporting to be the petition of the partnership, or authorized by it, cannot be regarded as a voluntary petition of the partnership, and, to be valid, must set forth an act of bankruptcy. The petition on behalf of the Union Bank differed from an ordinary petition in the case of a partnership, in that it prayed only for the adjudication of the partnership as a bankrupt, and did not include a prayer for an adjudication for the various partners.

On March 20, 1931, Jacob Sitnek, one of the partners, filed the voluntary petition in the instant case. On March 30, 1931, the matter having been referred to the referee, Jacob Sitnek presented his petition to the referee, wherein he set forth that he was one of the partners doing business as the Union Bank; that he was informed that the creditors of that bank numbered more than eighteen thousand; that he had been unable to obtain the names and addresses of all the bank's creditors and the amounts due each, and prayed that the preparation of his schedules be delayed until the missing information was received; and further asks for an extension of the time for filing his schedules until April 10, 1931.

The referee granted the petition and made a further order authorizing the bankrupt, Jacob Sitnek, to list as a creditor the Altoona Trust Company, which had been appointed a receiver of the Union Bank; said listing of the receiver to be in lieu of setting forth the names and addresses of the individual creditors of the Union Bank. A further order was also made, that any notice required to be given to creditors in the estate of Jacob Sitnek, bankrupt, should be given to the Altoona Trust Company, receiver of the Union Bank; and stating that said notice should be sufficient notice to all of the creditors of the Union Bank, also creditors of the estate of Jacob Sitnek, partner. At the first meeting of creditors, this order of the referee in respect to notice to creditors of the Union Bank was attacked by the receiver of the Bank and certain of its creditors. Subsequently the referee ordered that the matter of electing a trustee for the estate of Jacob Sitnek should be deferred on account of the lack of proper notice to the bank's creditors; and further ordered that his original order, in respect to such notice, be rescinded, and that the schedules of the bankrupt, Sitnek, should be amended to include the partnership creditors. To this order a creditor of Jacob Sitnek filed exceptions and obtained the review which is now before the court.

The original order of the referee, in our opinion, in so far as he authorized the omission of the partnership creditors from his schedules and the method of giving notice to such creditors, was in excess of his powers, and was entirely without effect. Having come to the same conclusion, it follows almost as a matter of course that the referee had the right to rescind the order. Such being our opinion, it also follows that his action will be affirmed by the court.

In argument upon the matter before the court for review, the exceptant accentuated the great difficulty and expense in case the notices required under the Bankruptcy Act (11 USCA) were required to be given in connection with the administration of Sitnek's estate. In the argument, the extreme probability of each of the other partners filing petitions in bankruptcy was discussed, and the consequent multiplication of labor and expense. The difficulty and expense of giving such notices is by no means to be minimized. The remedy, however, is not to be found in the affirmance of an unlawful order but by a consolidation of the bankruptcy proceedings.

No question can exist as to the propriety of the administration of the estates of all the partners by the trustee of the partnership. Assuming the sufficiency of the vol-

untary petition of the partnership and the adjudication pursuant thereto, the burden of administering the estates of the individual partners, whether adjudicated bankrupts or not, is upon the trustee of the partnership. It is his duty to seek an order from the court upon each partner not adjudicated a bankrupt, requiring such partner to turn over all his property to the trustee of the partnership for administration. Francis v. McNeal, 228 U. S. 695, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706, affirming decision of Circuit Court of Appeals, Third Circuit, 186 F. 481.

In view of the duty as to joint administration of the estate of the partnership and the estates of the partners, and the close association between the respective estates, it would be worse than useless to require a multiplication of notices in respect to the same creditors.

Upon proper petition, this court will make an order consolidating the bankruptcy proceedings of or against the individual partners with the partnership proceeding for purposes of administration. In such an event a single notice will suffice. Even so, the labor and expense of giving the required notices will be great. This labor and expense, however, will no doubt be lessened by the referee including as many matters as is possible in each notice sent out.

An order will be made sustaining the referee and dismissing the exceptions to his order of rescission.

### Order of Court.

And now, to wit, August 4, 1931, the order of the referee rescinding and setting aside his order dated March 30, 1931, having come on to be heard upon review, in consideration thereof it is ordered, adjudged, and decreed that the said order of the referee be, and the same is hereby, affirmed; and it is further ordered that the exceptions to said order be, and the same are hereby, dismissed.