58 F.2d 942 (1932)
In re FAERSTEIN et al.
COSSACK et al.
v.
MOORE et al.
No. 6519.
Circuit Court of Appeals, Ninth Circuit.
May 16, 1932.
*943 Hiram E. Casey and A. L. Wirin, both of Los Angeles, Cal., and Loeb L. Cossack, of San Bernardino, Cal., for appellants.
Craig & Weller and Thomas S. Tobin, all of Los Angeles, Cal., and Charles Bagg, of San Bernardino, Cal., for appellees.
Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.
NETERER, District Judge (after stating the facts).
Referees are invested with certain powers, "subject always to a review by the judge." Section 66, title 11, USCA. The referee has no independent judicial authority. He is not a distinct court, and has no power not conferred by order of reference, by law or general orders. "The district courts of the United States in the several States * * * are made courts of bankruptcy." 11 USCA § 11. A court is said by Blackstone to be a vested judicial power to adjudicate issues between contending factors, and is composed of the actor, or plaintiff; the reus, or defendant; and the judex, the judicial power which examines the truth of the contending parties and applies the remedy. A referee is an instrumentality of the court, with limited powers. His jurisdiction is defined by section 66, title 11, USCA, supra, and his duties are given in section 67. Neither of these sections gives him the power to review and set aside the order made, and in issue on this appeal.
General Order No. 27 of the Supreme Court (11 USCA § 53) provides that, when a review is sought of any order of the referee, a petition shall be filed with the referee setting forth the error complained of and the referee shall certify to the United States District Judge the question presented, a summary of the evidence, and finding and the order of the referee thereon. The procedure is specific and is clearly stated. Rule 84 of the trial court requires that a petition for review, as provided in General Order 27, supra, must be filed with the referee within ten days from the date of notice of such order.
When an order is entered, the referee's power over the order is ended. The remedy is exclusive and he may not review or change the order. In re Russell (D. C.) 105 F. 501; In re Wister & Co. (D. C.) 232 F. 898; also, In re Greek Mfg. Co. (D. C.) 164 F. 211; In re Marks (D. C.) 171 F. 281; In re Avoca Silk Co. (D. C.) 241 F. 607; Matter of J. W. Renshaw's Sons, Bankrupt (D. C.) 3 F.(2d) 75; Matter of Wm. L. David (C. C. A.) 33 F.(2d) 748; David v. Hubbard, 280 U. S. 514, 50 S. Ct. 19, 74 L. Ed. 585.
That the procedure of review is plainly defined and power limited in the interest of regularity and for the common good is clearly stated by Judge Sawtelle of this court, sitting as District Judge, in Re Octave Mining Co. (D. C.) 212 F. 457, 458, as follows: "It is manifest that the mode prescribed by General Order 27 is the only manner in which the decisions of the referee may be reviewed. * * *"
While the issue in that case was of a different nature, the terse statement of the procedure to review has forceful application here. See In re Shelley (D. C.) 8 F.(2d) 878; Matter of D. F. Walser, Bankrupt (D. C.) 20 F.(2d) 136, 9 A. B. R. (N. S.) 610.
An analysis of the nonapplicability of the cases cited by appellants would unduly extend this memorandum. Nearly all of the cases are based on nonjurisdiction of the referee to determine adverse claims. Smith v. Mason, 14 Wall. 419, 20 L. Ed. 748; Marshall v. Knox, 16 Wall. 551, 21 L. Ed. 481; Bardes v. Hawarden Bank, 178 U. S. 524, 20 S. Ct. *944 1000, 44 L. Ed. 1175; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413; Jaquith v. Rowley, 188 U. S. 620, 23 S. Ct. 369, 47 L. Ed. 620; Galbraith v. Vallely, 256 U. S. 46, 41 S. Ct. 415, 65 L. Ed. 823; Harrison, Trustee v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897; In re Walsh Bros. (D. C.) 163 F. 352; Plymouth County Tr. Co. v. MacDonald (C. C. A.) 53 F.(2d) 827. That issue is not before this court. Nor is the sufficiency of the order on contempt proceedings. In re Miller & Harbaugh (C. C. A.) 54 F.(2d) 612. The other cases cited[1] are beside the issue, or are not persuasive. They either do not involve, or are not decisive of, the question of control of a referee of a formal finding and formal order entered upon an issue duly raised in the administration of a bankrupt estate within the ten-day period for filing a petition for review.
The plain and simple expressions of the statute, together with the general orders and court rule, free from uncertainty or ambiguity, make it obvious that there is no room for doubt or need of inspired aid to ascertain the intent of the Congress plainly expressed, or of the Supreme Court in promulgating the general orders, or of Rule 84 of the local court in aid of the efficient and harmonious administration of the provisions of the Bankruptcy Act.
The court is only concerned with the power of the referee in setting aside the order in issue. It is not considering the sufficiency of the order on any contempt proceeding; nor whether findings made, and some items in the turnover order, are without the referee's jurisdiction; nor the finality of the order or ability or nonability of appellants to comply therewith. Nor can the court on this appeal determine the jurisdiction of the referee in the turnover order as to adverse claims now asserted or the finality of the order thereto. That is a matter which could have been presented to the United States District Judge on petition for review. Some of the items directed to be turned over are not challenged by appellants on jurisdictional grounds, and as to such the order is beyond question. Books, records, etc., of the bankrupt were without question subject to summary proceedings. Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969.
Affirmed.
NOTES
[1] In re Hawley (D. C.) 116 F. 429; In re Keyes (D. C.) 160 F. 763; Lockman v. Lang (C. C. A.) 128 F. 279; Id. (C. C. A.) 132 F. 1; In re Romine (D. C.) 138 F. 837; Samuel v. Dodd (C. C. A.) 142 F. 68; In re Simon & Sternberg (D. C.) 151 F. 507; Bernard v. Abel (C. C. A.) 156 F. 649; In re Looney (D. C.) 262 F. 209; Johnson v. Goldstein (C. C. A.) 11 F.(2d) 702; In re Jacob Sitnek (D. C.) 52 F.(2d) 861, 18 A. B. R. (N. S.) 359.