## In re DIXIE CANDEN OIL CO., Limited.
### No. 17446.

District Court, S. D. California, Central Division.

May 17, 1933.

Hiram E. Casey, of Los Angeles, Cal., for petitioner.

Charles A. Son, of Los Angeles, Cal., for respondent.

JAMES, District Judge.

On the 31st day of March, 1932, the referee in bankruptcy made his order, acting on the petition of the trustee, directing a compromise to be made of a controversy theretofore existing between the trustee and Canden Oil Company, Limited. It was recited in the referee's order that due notice had been given creditors. On the 24th of May, 1932, on the petition of Long Beach Petroleum Company, Limited, the referee made his order returnable on the 31st of May, 1932, against the trustee, Canden Oil Company, Limited, and other interested parties requiring the respondents to show cause why the confirmation of the compromise should not be set aside. That order to show cause, as appears from the referee's record, was continued from time to time and on July 15th was ordered off calendar. Thereafter and on the 11th day of January, 1933, the final account of the trustee was approved and the trustee discharged and his bond exonerated. On April 3, 1933, the Long Beach Petroleum Company, Limited, being the same petitioner, appearing as the moving party in the order to show cause matter above referred to, filed a new petition requesting an order to show cause why the same order of compromise should not be set aside and why the order of January 11, 1933, should not be vacated. The referee issued his order to show cause on this last petition, making it returnable on the 10th day of April, 1933. The Canden Oil Company, Limited, thereupon filed in this court its petition to restrain the referee from taking any further proceedings in the behalf sought, asserting that the referee had no further jurisdiction as the orders made had become final.

Notwithstanding the serious contention made by counsel for the Long Beach Petroleum Company, Limited, at the argument, I am of the opinion that the matter is controlled by the decision in the case of In re Faerstein, 58 F.(2d) 942, decided by the Circuit Court of Appeals for this circuit. The referee's record setting forth his order authorizing the compromise to be made, recited that due notice had been given to creditors, hence full jurisdiction rested with the referee to make that order. Having so made it, the correctness of that adjudication could only be questioned on a petition for review. The further fact appears that the estate has been closed and the trustee discharged. The referee, I think, was without jurisdiction also to vacate the order of discharge. If the petitioner has been injured through fraud, it can no doubt bring suit to secure a remedy.

The petition of Canden Oil Company, Limited, for a writ to restrain the referee from further acting in the matter is granted. An exception is noted in favor of Long Beach Petroleum Company, Limited.