In re KLEIN'S OUTLET, Inc.

District Court. S. D. New York.

Feb. 26, 1943.

376

See, also, 48 F.Supp. 416.

Morris Okoshken, of Jamaica, N. Y. (Abraham Lillienthal, of New York City, and Arthur Morris, of Jamaica, N. Y., of counsel), for Rose Klein.

Benjamin F. Steinberg, of New York City, and Louis P. Rosenberg of Brooklyn, N. Y. (Irving G. Wolff, of New York City, of counsel), for the trustee.

CAFFEY, District Judge.

Rose Klein, a stockholder of the bankrupt, moves for an order directing a referee in bankruptcy to issue a certificate to enable her to obtain a review by this court of an order signed by him on December 15, 1942. The order she wants reviewed authorizes the trustee in bankruptcy to settle and discontinue an action now pending in the New York Supreme Court. A petition for review was filed with the referee on December 24, 1942. No question has been raised as to its form or sufficiency or as to its timeliness.

The trustee objected to the petition for review on two grounds: (1) That the State court action is an asset of the bankrupt's estate and belongs to him; (2) that Rose Klein has never applied for nor obtained leave to intervene in this proceeding. The referee held that these objections were well taken and, instead of issuing a certificate, denied a petition for review. In his memorandum decision of denial, dated January 19, 1943, he directed the parties to settle an order on notice. No such order had been made when the present motion first came on for hearing before me, but an order to that effect, dated February 11, 1943, has since been made by the referee.

In opposing the instant application the attorney for the trustee contended (1) that an order, denying a petition for review, should have been entered in accordance with the referee's direction and (2) that Rose Klein should then have petitioned for a review of that order,—thereby (as he urged) bringing the whole question up for review. In a letter to this court dated February 10, 1943, submitted on the argument of the present motion and since filed in the Clerk's office, the referee took the same position and suggested that the motion be denied. As already noted, an order, in conformity with the referee's January 19, 1943, memorandum has now been signed.

The question to be determined is whether the referee was authorized to deny the petition for review. If he had no power to do that, then his denial of the petition, as well as his order entered thereon, obviously was erroneous.

Prior to the passage of the Chandler Act, Act of June 22, 1938, c. 575, 52 Stat. 840, 11 U.S.C.A. § 1 et seq., General Order XXVII of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, provided as follows: "When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

It is apparent from mere reading of the extract quoted that, upon the filing of a petition to review, the referee had no alternative but to issue his certificate. His duty in this respect was ministerial, yet was mandatory. In re Mt. Jessup Coal Co., D.C., M.D.Pa.1934, 7 F.Supp. 603, 604; In re Avoca Silk Co., D.C., M.D.Pa.1917, 241 F. 607, 608. Cf. In re Pearlman, 2 Cir., 1926, 16 F.2d 20, 21, 22. If he failed to perform it promptly, then, upon application to the district court, he could be compelled to do so. Cf. In re Koenig & Van Hoogenhuyze, D.C., W.D.Tex.1904, 127 F. 891, 892 affirmed 5 Cir., 1905, 133 F. 1019. Neither General Order XXVII nor any statute or rule on the subject conferred on him power or discretion to pass on the sufficiency of the petition to review or to modify or change his own order Cf. In re Faerstein, 9 Cir., 1932, 58 F.2d 942, 943, 944.

Similarly, the referee was without power to deny a petition on the ground that the petitioner was not an interested party. This question is for determination by the court after the certificate of review is reached. In this connection it is significant to note what the trustee relies on are cases in which certificates for review were actually granted by a referee, but where the court, and not the referee, passed on the question as to the standing of the petitioners to review the referees' orders.

The law with regard to petitions for review of referees' orders, as it existed prior to 1938, was not changed by the Chandler Act. That act added subdivision c to section 39 of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. This subdivision provides as follows: "A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing."

It has been ruled that the subdivision just mentioned does not impose or purport to impose any limitation on the discretionary power of the district court to assume or exercise jurisdiction to make a review. In re Albert, 2 Cir., 1941, 122 F. 2d 393, 394; Biggs v. Mays, 8 Cir., 1942, 125 F.2d 693, 696. At the same time subdivision a of section 39 was amended so as to provide, and it now provides, in part, that "Referees shall * * * (8) prepare promptly and transmit to the clerks certificates on petitions for review of orders made by them, together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits; * * *." As stated in Collier on Bankruptcy, 4th ed., vol. 2, par. 39.16, p. 1474, "Subdivision c of section 39 should be read together with clause (8) of subdivision a, * * *." It is evident, therefore, that the quoted provisions of section 39 were intended to take the place of General Order XXVII, which was abrogated on January 16, 1939, 11 U.S. C.A. following section 53.

However, the abrogation of General Order XXVII and the amendments to section 39 did not change the duties of referees. They are still under a peremptory obligation to issue a certificate on a petition for review. Furthermore, they are still without power to pass on the petition for review themselves or to deny a petition on the ground that the petitioner is not an aggrieved party. The referee's duty is correctly stated in Remington on Bankruptcy, 5th ed., vol. 8, § 3710, p. 24, as follows: "A referee should not refuse to certify when a petition for review is filed because he considers the party filing it to have no standing to petition."

It was error, therefore, for the referee to deny the petition for review in the case at bar. His decision and order entered thereon are wrong. Accordingly, he is directed to prepare a certificate in accordance with the provisions of section 39, 11 U.S.C.A. § 67, for review of the order signed by him on December 15, 1942. Upon the filing of the certificate with the court, it will then be incumbent on one of its judges, sitting in the motion part, before whom the matter comes, to determine whether Rose Klein is an aggrieved party and, if so, whether the order authorizing the settlement of the State court action was properly made. At that time, this court should have before it all the papers, exhibits and testimony, if any, upon which the referee based his determination.

Motion granted. Settle order on two days' notice.