**In re NIPPON YUSEN KAISYA.**

No. 34889-W.

United States District Court
N. D. California, S. D.
Oct. 26, 1951.

Harold A. Block and Dinkelspiel & Dinkelspiel, San Francisco, Cal., for petitioner.

OLIVER J. CARTER, District Judge.

Before the court is a petition for review of the order of the Referee in Bankruptcy denying petitioners' request that the Referee set aside an order confirming sale. The certificate of the Referee shows that the interested parties have stipulated as to the facts. Upon the stipulated facts the Referee has concluded that the petitioners should be entitled to have the sale set aside upon the equitable grounds of a mutual mistake of fact by the seller and purchaser at the sale, but that the sale, once having been confirmed, the Referee is without power to order it to be set aside, under the authority of In re Faerstein, 9 Cir., 58 F. 2d 942. Assuming but not deciding that the holding of that case prohibits a referee in bankruptcy in the Ninth Circuit from setting aside a sale after confirmation, even though entered into by the purchaser and seller because of a mutual mistake of fact, it is not a limitation upon the power of this court to make such an order. Section 2, sub. a(10) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(10), gives this court the power to "consider records, findings, and orders certified to the judges by referees, and confirm, modify, or reverse such findings and orders, or return such records with instructions for further proceedings." There can be no question but that this language gives the court the power to make the requested order upon a petition for review even if it is assumed that the referee does not have the power to review his previous order. This section, taken together with the provisions of General Order No. 47, 11 U.S.C.A. following section 53, requiring the judge to accept the findings of fact made by the referee unless clearly erroneous, makes it unnecessary to consider the request of the referee that the power of the referee to review his own order be determined by the court.

The findings of the Referee, which are fully supported by the stipulated facts, establish that there was a mutual mistake of fact on the part of the trustee, as seller, and the petitioners, as purchaser, which requires that the challenged sale be set aside and that the parties be restored to their respective positions immediately prior to the sale. The Referee has clearly analyzed the evidence and correctly concluded that the sale should be set aside in

the interests of justice. Since this court has accepted the findings of fact made by the Referee, it should exercise its statutory powers and grant the relief sought.

This conclusion makes it unnecessary to resolve the apparent conflict between In re Faerstein, supra, and In re Pottasch Bros. Co., Inc., 2 Cir., 79 F.2d 613, 101 A.L.R. 1182, as to the powers of a referee to review or set aside orders previously made by him.

The order of the Referee denying the petition to set aside the order confirming sale is reversed, and

It Is Ordered, Adjudged and Decreed:

1. That the order of confirmation of sale made and entered into herein on July 23, 1951 is set aside and the trustee is directed forthwith to return to the petitioners herein the sum of $25,000 upon delivery by said petitioners to said trustee of the 25 Imperial Japanese Government bonds described in said order confirming sale.

2. That the findings of fact certified by the Referee to this court are hereby adopted and by this reference are made a part hereof.