Evelyn **MAVITY**, d/b/a Mavity Motor Company, Bankrupt, Appellant,

v.

**ASSOCIATES DISCOUNT CORPORATION**, Appellee.

No. 20323.

United States Court of Appeals Fifth Circuit.

June 19, 1963.

Rehearing Denied Sept. 12, 1963.

Before TUTTLE, Chief Judge, and JONES, Circuit Judge, and DeVANE, District Judge.

TUTTLE, Chief Judge.

The appellant in the district court sought to reopen her estate[1] under the provisions of the Bankruptcy Act, 11 U.S.C.A. § 11(a)(8).[2]

On an involuntary petition Mrs. Mavity was adjudicated a bankrupt in February 1959, with an order referring the matter to a referee in bankruptcy. A trustee in bankruptcy for the appellant was appointed.

Two orders of the referee are in question here, both affecting the relationship between appellee and appellant's trustee. The first order was entered on June 16, 1960 and dealt with a piece of property that the trustee was selling in the course of his duties as trustee. The petition of the trustee was to sell the property free of all encumbrances. Associates Discount Corporation, coming in as a notified creditor, claimed that it had a lien on the property created by a note executed jointly by appellant and her husband and a deed on that property securing the note. The referee ruled that the property could be sold free from appellee's lien, because appellant was surety for her husband on the note and deed on the property, and under Georgia law such is not binding on the spouse.[3] Appellee filed a petition to review such order, but since the referee did not file a certificate with the clerk of the district court, such order was not reviewed. See In re Mt. Jessup Coal Co., 7 F.Supp. 603 (M.D.Pa. 1934). Subsequently, the trus-

H. H. Gearinger, Chattanooga, Tenn., for appellant.

Robert Edward Surles, Summerville, Ga., for appellee.

1. Her reason for wanting to reopen her closed estate is her allegation that Associates Discount Corporation fraudulently induced her to sign certain notes and deeds securing same, which notes were dealt with by the referee in the bankruptcy proceedings. The truth of these allegations does not affect the outcome of this appeal.

2. "The courts of the United States hereinbefore defined as courts of bankruptcy * * * are * * * hereby invested * * * with such jurisdiction * * * as will enable them to * * * (8) * * * reopen estates for cause shown."

3. This conclusion was based on the referee's finding: "On February 6, 1954 the bankrupt was not indebted to Associates Discount Corporation in any sum whatever." This finding clearly related to the relationship between Mrs. Mavity and Associates Discount arising out of the particular note and security deed then being considered by the referee. It did not purport to deal with any other notes or security deeds not then under consideration.

tee and appellee began negotiations to compromise *other* claims between appellee and trustee, which negotiations culminated in the trustee filing a petition with the referee asking that the trustee be authorized to compromise certain controversies between him and the appellee. Here is where the second order in question was entered.

The referee on November 17, 1960 entered such an order of compromise, which order dealt with another note and deed securing same which had been executed to appellee by Mrs. Mavity. A payment of $2250 was ordered to be made by the trustee to appellee, and this second piece of property (not the same piece of property which was ordered sold on June 16 free of appellee's lien) was also ordered to be conveyed to Associates which was then free to foreclose its lien. In this order the trustee was ordered to dismiss a suit that the appellant had instituted in a state court against appellee but which had never been prosecuted to judgment by appellant at the time she was adjudicated a bankrupt in 1959. This state action was filed in 1954 to set aside on grounds of fraud certain notes and deeds securing same executed to appellee by appellant in 1954. Also in the compromise order appellee was to dismiss with prejudice its previously filed petition for review of the June 16 order disallowing appellee's lien. So, in effect, the previous order went undisturbed. Accordingly, the appellee was ordered to transfer to the trustee the property in issue in the June 16 order which the appellee had not yet conveyed due to the negotiations following that order. This second order by the referee was justified, if at all, on the theory that Associates had more than a colorable claim against Mrs. Mavity as a secured creditor on the second note and security deed. This assumption, she says, is contrary to the earlier finding that she was not indebted to Associates.

As we have heretofore pointed out, we think the earlier finding of no indebtedness was related to this first transaction and did not deal with any other evidences of indebtedness.

It is appellant's position that the order of the referee entered on November 17, 1960 was null and void because when he entered the June 16 order his power over that order ended, and the subsequent order attempted to relitigate the earlier order. She argues that when appellee filed its petition to review the June 16 order, the referee then lost jurisdiction over the matter. It is appellee's position that, since the referee did not certify the petition to review his order to the clerk of the district court, the referee did not lose jurisdiction and could continue to handle the dispute between Associates Discount and the bankrupt. It is appellee's further contention that, notwithstanding its first argument, the referee's second order did not disturb the first order, so that the appellant can not be heard to argue that the referee was attempting to reopen its first order which she says had become final when appellee filed its petition to review.

The question thus presented here is whether, after the referee's June 16 order where appellee filed a petition for review of his decision which disallowed appellee's lien on a particular piece of appellant's property, but where the referee did not prepare a certificate to the district court,[4] the referee completely lost jurisdiction over appellant's estate, so that his subsequent compromise order of November 17 was void.

Appellant relies on In re Faerstein, 9th Cir., 58 F.2d 942, where that court said, "When an order is entered, the referee's power over the order is ended. The remedy is exclusive and he may not review or change the order." This case was repudiated in the Court of Appeals for the Second Circuit. In In re Pott-

---

4. 11 U.S.C.A. § 67(a) (8) provides that "Referees shall * * * (8) prepare promptly and transmit to the clerks certificates on petitions for review of orders made by them, together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits * * *."

asch Bros. Co., 2d Cir., 79 F.2d 613, 616, 101 A.L.R. 1182, the court said that "if a referee is a court at all (which he is), there is no warrant for saying because an appeal lies from his orders, that he has not the ancient and elementary power to reconsider those orders, nor the faintest reason why he should not do so." This court said in In re Schoenburg, 5th Cir., 279 F.2d 806, 807, where Pottasch was cited with approval, "Schoenburg makes no mention of the referee's revised findings. It is not asserted that the referee was without power to make the revision, and such a claim could not be sustained." It is true that the revision in the referee's orders in the above two cases were not of great substance. In Schoenburg it was a mathematical error, and in Pottasch it was a clerical error. But the force of the above quoted language in Pottasch, which we accepted in Schoenburg and still think valid, does not lose its force because of the particular factual settings of these two cases.

We thus hold that the referee when he did not file the certificate to the district court, never lost jurisdiction of the particular matter adjudicated in the June 16 order, see In re Mt. Jessup Coal Co., supra, and that, even were the subsequent order of November 17 deemed an alteration of the June 16 order, the referee had the power to make such a revision. The posture of the case before the referee following his June 16 order is similar to a case before a district court where after judgment but before appeal a motion for a new trial is made and granted. See In re Pottasch Bros. Co., supra.

Of equal force in appellee's favor is the case of Georgia Jewelers, Inc. v. Bulova Watch Co., 5th Cir., 302 F.2d 362, a case where the referee had already certified his order to the clerk of the district court. There this court stated that proceedings in bankruptcy should not halt merely because interlocutory orders are appealed from the referee, that a case should continue to be adjudicated on the merits by the referee unless the order appealed from was of such a nature as to render further proceedings useless.

■ We find that the first order, even had the referee immediately filed the certificate for review, was not of such a nature as to render the further compromise order meaningless or useless. The first order dealt with no more than a sale of a particular piece of property by the bankrupt's trustee on which the appellee claimed it had a valid lien attached. The second order of November 17 dealt with another note and separate piece of property which the referee found to be a substantial claim against the trustee, as well as the trustee's assigned[5] right of action against appellee. The first order, by the nature of the proceeding, did not foreclose any other claims that appellee might have had against the bankrupt. Such an order, even if reviewed separately on petition in the district court, would not have rendered useless or meaningless further proceedings of this bankrupt, even with regard to this particular creditor.

■ We hold that the subsequent November 17 order of the referee in bankruptcy was made within his authority and jurisdiction, and since the trustee did not file a petition to review the November 17 order it became final and binding on all parties, and the estate subsequently closed may not now be opened in this collateral proceeding. Donald v. Bankers Life Co., 5th Cir., 107 F.2d 810.

The judgment of the district court is Affirmed.

5. 11 U.S.C.A. § 110(a) (5).