**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: JOSEPH B. HOLLOWELL, JR.,
a/k/a Joe Hollowell, d/b/a Oak Hill
Real Estate Development,
Debtor.

JOSEPH B. HOLLOWELL, JR., a/k/a Joe
Hollowell, d/b/a Oak Hill Real
Estate Development,

Plaintiff-Appellant,

v.                                          No. 95-1256

BRANCH BANKING & TRUST
COMPANY,
Defendant-Appellee,

and

GEORGE E. JONES,
Party in Interest.

In Re: JOSEPH B. HOLLOWELL, JR.,
a/k/a Joe Hollowell, d/b/a Oak Hill
Real Estate Development,
<u>Debtor.</u>

JOSEPH B. HOLLOWELL, JR., a/k/a Joe
Hollowell, d/b/a Oak Hill Real
Estate Development,

No. 95-2094

<u>Plaintiff-Appellant,</u>

v.

BRANCH BANKING & TRUST
COMPANY,
<u>Defendant-Appellee,</u>

and

GEORGE E. JONES,
<u>Party in Interest.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-94-507-5-F, BK-93-2617-8-JRL, MISC-95-41-5-F)

Argued: May 7, 1996

Decided: August 27, 1996

Before WILKINSON, Chief Judge, ERVIN, Circuit Judge, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished opinion. Judge
Ervin wrote the opinion, in which Chief Judge Wilkinson and Senior
Judge Chapman joined.

_____

2

**COUNSEL**

**ARGUED:** Rosbon D.B. Whedbee, Ahoskie, North Carolina, for Appellant. Joseph Newton Callaway, II, BATTLE, WINSLOW, SCOTT & WILEY, P.A., Rocky Mount, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

Chapter 11 debtor Joseph Hollowell appealed separately from two orders of the bankruptcy court, both of which the district court affirmed. The appeals were consolidated before this court. The first order granted relief from the Chapter 11 automatic stay to Branch Banking & Trust Company ("BB&T"), which held first and second deeds of trust on real estate ("the property") jointly owned by Hollowell and his wife, Linda. We hold that Hollowell's appeal of that order is moot, because BB&T foreclosed upon and sold the property and Hollowell failed to exercise his equity of redemption. The second order dismissed Hollowell's Chapter 11 petition, and Hollowell's appeal of that order challenges only the court's jurisdiction to issue it. We conclude that Hollowell's appeal of the stay issue did not divest the bankruptcy court of jurisdiction over remaining issues in the case. Accordingly, we dismiss Hollowell's appeal of the stay relief and affirm the court's dismissal of his petition.

I

On April 15, 1988, the Hollowells executed a note in favor of Edenton Savings & Loan ("ES&L") for $150,000, secured by a first deed of trust on the property. Joseph Hollowell, without Linda's signature, executed a second note to ES&L on February 22, 1989, for

3

$442,000. The second note was secured by a second deed of trust on the property. Appellee George M. Jones, who originally sold the property to the Hollowells, agreed to subordinate his purchase money interest to both of the ES&L notes.

ES&L initiated foreclosure proceedings in February 1993. It merged soon afterward with BB&T, which continued the foreclosure process. Jones bought the property at the foreclosure sale for $325,500, and a report of the sale was filed on September 24, 1993. Hollowell filed his bankruptcy petition exactly ten days later, at 5:00 p.m. on October 4.

The sequence of proceedings after the bankruptcy filing is important and somewhat confusing, so a chronological guide will aid our discussion:

> 10/4/93: Hollowell filed under Chapter 11.
>
> 12/1/93: BB&T moved for relief from automatic stay.
>
> 1/31/94: Bankruptcy court granted relief from automatic stay.
>
> 2/14/94: District court issued Order affirming stay relief.
>
> 10/28/94: District court filed Judgment affirming stay relief.

After the district court affirmed the bankruptcy court's stay relief, both courts continued to participate in the case:

| No. 95-1256 | No. 95-2094 |
| --- | --- |
| 7/8/94: | Bankruptcy court entered order allowing Hollowell 30 days to (1) file a motion to dismiss or convert the Chapter 11 case, or (2) submit a plan of reorganization. |

4

1/4/95:  District court denied Hollowell's Motion for Rehearing on issue of stay relief.

1/10/95:          Because Hollowell took no action in response to the order of 7/8/94, bankruptcy court dismissed Chapter 11 proceeding.

1/31/95:          Bankruptcy court denied Hollowell's Motion for Reconsideration of the Order of Dismissal.

2/3/95:  Hollowell filed notice of appeal to Fourth Circuit.

2/95:          Hollowell appealed denial of Motion for Reconsideration to district court.

4/95:          BB&T moved to dismiss appeal to district court.

4/19/95:          District court dismissed appeal.

5/18/95:          Hollowell appealed to Fourth Circuit.

The two appeals from the separate proceedings are consolidated before this panel. Hollowell contends in his first appeal that the filing of his Chapter 11 petition, at exactly 5:00 p.m. on October 4, 1993, properly stayed the foreclosure proceeding, because the automatic

5

stay took effect before the expiration of the ten-day period allowed for upset bids under North Carolina law. See N.C. Gen. Stat. § 45-21.27. He also argues that the bankruptcy court made various errors in its findings of fact. Additionally, Hollowell includes in the first appeal an assignment of error identical to the only issue of the second appeal: whether the bankruptcy court had jurisdiction to dismiss his Chapter 11 case.

BB&T, in response, does not focus immediately on the merits of Hollowell's first appeal. It asserts that it was free, absent a stay pending Hollowell's appeal of the bankruptcy court's order granting relief from the automatic stay, to complete the foreclosure sale. Hollowell neither sought a stay pending his appeal nor exercised his equity of redemption, and the deed transferring the property to the foreclosure buyer has been recorded. Consequently, BB&T concludes, Hollowell's appeal of the order granting relief from the automatic stay is moot.

II

BB&T succinctly summarized its position on the mootness question:

> The property has been sold and the bankruptcy estate has nothing left to save. Thus, this appeal is moot. Hollowell did not request the Bankruptcy Court or the District Court to stay the foreclosure and the statutory rights of redemption have long since run. The Appellate Court has no power to grant relief where the stay has been lifted, no stay pending appeal was granted, and the foreclosure took place.

Brief of Appellee at 13 (citations omitted).

This circuit addressed a nearly identical situation in In re March, 988 F.2d 498 (1993), cert. denied sub nom., Kittey v. Farmers Bank, 510 U.S. 864 (1993). Like Hollowell, the bankruptcy trustee in March appealed to this court from the district court's ruling that a foreclosure could proceed despite the automatic stay. Id. at 499. Also like Hollowell, the March trustee failed to obtain a stay of the ruling pending

his appeal. Id. Citing decisions of the Fifth and Eleventh Circuits, this court held that the March appeal was moot:

> [The bankruptcy trustee] failed to obtain a stay of the district court's order pending appeal and thereby allowed Farmers Bank to foreclose on the property at issue before the present appeal was heard. Consequently, the foreclosure rendered moot any appeal on the applicability of the § 362(a) stay. See, e.g., In re Sullivan Central Plaza, I, Ltd., 914 F.2d 731, 733 (5th Cir. 1990) ("If the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly, the appeal will be moot."); In re Lashley, 825 F.2d 362, 364 (11th Cir. 1987) ("When a debtor does not obtain a stay pending appeal of a bankruptcy court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal,"), cert. denied, 484 U.S. 1075, 107 S. Ct. 1051, 98 L.Ed.2d 1013 (1988).

Id.

March is precisely on point. Hollowell did not seek a stay pending appeal of the bankruptcy court's grant of relief from the automatic stay, so BB&T was free to proceed with the foreclosure process. Because BB&T has completed the transfer to the foreclosure buyer, Hollowell's appeal on that issue is moot.

In his second appeal, Hollowell argues that the bankruptcy court was divested of jurisdiction to dismiss his Chapter 11 proceeding by his appeal of the relief from stay. We disagree. As the Ninth Circuit explained in In re Christian & Porter Aluminum Co., a bankruptcy court retains jurisdiction over all issues except those on appeal:

> The general rule that a properly filed notice of appeal deprives the trial court of jurisdiction to proceed further except by leave of the appellate court does not apply in bankruptcy proceedings. . . . :

7

> [P]roceedings in bankruptcy should not halt merely because interlocutory orders are appealed from the referee . . . (rather,) a case should continue to be adjudicated on the merits by the referee unless the order appealed from was of such a nature as to render further proceedings useless.
>
> Mavity v. Associates Discount Corp., 320 F.2d 133, 136 (5th Cir. 1963)[, cert. denied, 376 U.S. 920 (1964)].
>
> The Trustee in a bankruptcy proceeding is expected and encouraged to proceed with administration of the estate after the entry and during the appeal of an order of adjudication. Georgia Jewelers, Inc. v. Bulova Watch Co., 302 F.2d 362, 370 (5th Cir. 1962).

584 F.2d 326, 334 (9th Cir. 1978); accord In re Sullivan Central Plaza I, Ltd., 935 F.2d 723, 727 (5th Cir. 1991) (holding that appeal of relief from automatic stay did not divest bankruptcy court of jurisdiction to consider whether Chapter 11 case should be converted to Chapter 7); see also In re Bryant, 175 B.R. 9, 13 (W.D. Va. 1994) ("A bankruptcy court is divested of jurisdiction with respect to matters raised in an appeal to a higher court.") (emphasis added). Following the reasoning of Christian & Porter Aluminum, we hold that the bankruptcy court had jurisdiction to dismiss Hollowell's Chapter 11 petition.

III

Whether the bankruptcy court properly granted BB&T relief from the automatic stay is a moot point. Thus we dismiss Hollowell's appeal of that issue. Moreover, the bankruptcy court retained jurisdiction to continue its Chapter 11 administration. We affirm, therefore, its dismissal of Hollowell's petition.

AFFIRMED IN PART AND DISMISSED IN PART