[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 29, 2008
THOMAS K. KAHN
CLERK

_____

Nos. 07-10654 & 07-14594
Non-Argument Calendar

_____

D. C. Docket Nos. 06-00243-CV-4 & D.C. 07-00121-CV-4
BKCY No. 05-43073-BKC-LW

In Re:    ALEXIS N. ROBERTS,

                                                            Debtor.

_____

JOHN RANDALL FUTCH,

                                                            Plaintiff-Appellant,

                                versus

ALEXIS N. ROBERTS,

                                                            Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

**(August 29, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

In this consolidated appeal from a Chapter 13 bankruptcy proceeding, John Randall Futch, proceeding pro se and in forma pauperis, appeals the bankruptcy court's order disallowing his proof of claim against Alexis Roberts' bankruptcy estate as untimely. Futch also appeals the bankruptcy court's order granting Roberts' request for a voluntary dismissal of her bankruptcy proceedings.

Roberts filed a Chapter 13 voluntary bankruptcy petition in the district court, and the deadline for creditors to file a proof of claim against her bankruptcy estate was March 1, 2006. Futch filed a proof of claim after the deadline, and Roberts objected to it as untimely. After a hearing on the matter, the bankruptcy court disallowed Futch's proof of claim on July 24, 2006. Futch appealed to the district court, which entered an order denying his appeal on January 29, 2007. Futch appealed the district court's order to this Court.

Roberts then filed a request for the voluntary dismissal of her Chapter 13 case, which the bankruptcy court granted on June 28, 2007. Futch also appealed the bankruptcy court's order of dismissal, and he argued that the court lacked jurisdiction over the proceedings while his first appeal concerning the disallowance of his proof of claim was pending in this Court. We granted Futch leave to proceed in forma pauperis and consolidated his appeals.

2

Futch contends that the bankruptcy court erred by disallowing his proof of claim and that the court lacked jurisdiction to grant Robert's request for a voluntary dismissal while his first appeal was pending. We will address Futch's second contention first.

**I.**

"As the second court of review of a bankruptcy court's judgment, this Court examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court." In re Issac Leaseco, Inc., 389 F.3d 1205, 1209 (11th Cir. 2004) (quotation marks omitted). Where the district court "made no factual findings in its function as an appellate court, our review is de novo." In re Int'l Admin. Servs., Inc., 408 F.3d 689, 698 (11th Cir. 2005). We review only for clear error the bankruptcy court's factfindings, and we review de novo all questions of law. Id.

"The filing of a notice of appeal generally 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" In re Mosley, 494 F.3d 1320, 1328 (11th Cir. 2007) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982)). However, it does not "prevent the [district] court from entertaining motions on matters collateral to those at issue on appeal." Mahone v. Ray, 326

3

F.3d 1176, 1179 (11th Cir. 2003).

As the former Fifth Circuit has stated, "proceedings in bankruptcy should not halt merely because interlocutory orders are appealed." Mavity v. Assoc. Disc. Corp., 320 F.2d 133, 136 (5th Cir. 1963).[1]  Instead, "a case should continue to be adjudicated on the merits by [the bankruptcy court] unless the order appealed from was of such a nature as to render further proceedings useless." Id.  The statute governing "conversion or dismissal" of a Chapter 13 bankruptcy case provides: "On request of the debtor at any time, if the case has not been converted under [11 U.S.C. §§ 706, 1112, or 1208], the court shall dismiss a case under this chapter." 11 U.S.C. § 1307(b).

Here, the matter on which the bankruptcy court ruled—Roberts' motion to voluntarily dismiss her Chapter 13 bankruptcy case—was not the subject of Futch's pending appeal.  Instead, Futch's pending appeal concerned the timeliness of the filing of his proof of claim, a collateral matter that would not "render further proceedings useless." See id.  Accordingly, Futch's first appeal divested the bankruptcy court of jurisdiction to consider issues pertaining to his proof of claim, see Mosley, 494 F.3d at 1328, but not issues relating to Roberts' right to have her

---

[1]  In our en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

bankruptcy petition dismissed upon her request, see Mavity, 320 F.2d at 136. We affirm the bankruptcy court's order granting Roberts' request for the voluntary dismissal of her Chapter 13 bankruptcy petition.

## II.

Because the bankruptcy court dismissed Roberts' bankruptcy petition, we must decide whether that dismissal rendered moot Futch's first appeal, which concerned the district court's exclusion of his proof of claim as untimely filed. "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" Atlanta Gas Light Co. v. Fed. Energy Regulatory Comm'n, 140 F.3d 1392, 1401 (11th Cir. 1998) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951 (1969)). "Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief." In re Club Assocs., 956 F.2d 1065, 1069 (11th Cir. 1992). Moreover, "[d]ismissal of a moot case is required because mootness is jurisdictional." Sierra Club v. Envtl. Prot. Agency, 315 F.3d 1295, 1299 (11th Cir. 2002). "The rule that federal courts may not decide cases that have become moot derives from Article III's case and controversy requirement." Id.

Here, the Chapter 13 proceedings in which Futch sought to file a proof of claim have been dismissed. As a result, we are unable to grant any effective relief

with respect to the bankruptcy court's order disallowing Futch's proof of claim as untimely.  We conclude that the dismissal of Roberts's Chapter 13 bankruptcy case rendered moot Futch's appeal from the bankruptcy court's order disallowing his proof of claim and dismiss that appeal.  See id.

**AFFIRMED IN PART, DISMISSED IN PART.**